*461 Opinion, of the 'Couet.
THIS was an action of covenant, brought in the cir-> cfuit court upon an obligation for the payment of $86 and 25 cents in flour, at the market price, &c.
Farrow, who was defendant in that court, pleaded, 1st, “ That the court ought not to hear and take further cognizance of, or sustain the action; because, he ^ays, that upon the-day of March, in the year 1821, he did deliver to the plaintiff, Summers, thirty barrels of flour, at the town of Maysville, as he by his covenant was bound to do, of the value of ‡-, and that the balance due upon said covenant is under fifty dollars, and that the cause of action is within the jurisdiction of a justice of the peace, &c. and not within the jurisdic-. tion of the circuit court, &c.”
And for further and second plea, the said Farrow-pleaded, “ that the said court ought not to, hear and take further cognizance of, or sustain the said action; because, he says, that he did deliver to the plaintiff, Summers, at the time and place aforesaid, in payment of his said writing obligatory, to wit, at Maysville, in the county of Mason, the full quantity of thirty barrels of flour, of tile value of fi-, and that the balance due upon said covenant, (if any thing,) does not exceed live pounds, and that the said Summers’ cause of action is within the jurisdiction of a justice of the peace, and not within the jurisdiction of the circuit court, &c.”
To each of these pleas Summers demurred, and the demurrers being joined by Farrow, the court rendered judgment sustaining the demurrer to each plea.
Farrow also pleaded covenants performed, and issue being taken thereon, a jury was called, and found a verdict in favor of Summers for $28 and 75 cents in damages, and judgment was thereupon rendered by the court against Farrow. To reverse that judgment, this writ of error, with supersedeas, has been prosecuted by Farrow.
The only question made by the assignment of errors, involves the propriety of the decision of the circuit court in sustaining the demurrers of Summers to Farrow’s pleas to the jurisdiction of the court.
1. We apprehend the decision of the court upon each of the demurrers is correct. If, instead of being for $86 and 25 cents in flour, the obligation upon which tiie action of Summers is founded was for that amount *462 in specie, we should have no difficulty in sustaining the. jurisdiction of the circuit court, though the amount stipulated tobe paid were reduced, by actual payment, to a sum less than fifty dollars. In that case, we admit the circuit court would not possess jurisdiction over the balance of the obligation unpaid, after the original amount is reduced to a sum under fifty dollars, by credits endorsed on the obligation; for by an act of the legislature of this country it is expressly provided, that “where the sum due by any instrument of writing shall be reduced, by credits endorsed thereon, to a sum not exceeding fifty dollars, in all such eases justices of the peace shall have exclusive jurisdiction for the recovery of such balance.” But, to come within the in due nee of that provision of the law, it is not enough that payments may be made, which, if credited on the writing, would reduce the sum due to less than fifty dollars; the sum must be so reduced by credits actually endorsed on the writing. It is true, that by the first section of the act of which the provision to which we have referred composes a part, it is declared, that justices of the. peace in the several counties in this commonwealth shall have original jurisdiction of all debts and accounts not exceeding fifty dollars. 2 Dig. L. K. 701. That section ought not, however, tobe construed to give justices jurisdiction in cases of debt due by obligation, where the sum named is above fifty dollars, though reduced under that amount by payments subsequently made. Before the enactment of that section, the obligation was in itself the foundation of the action, and notwithstanding its amount might be reduced by payments, the plaintiff would nevertheless be bound to bring his action, and declare for the sum mentioned in the obligation. It would, therefore, seem to follow, that in testing the jurisdiction of justices, under the section alluded to, in cases where the debt is founded on an obligation, the amount stipulated to be paid should form the governing rule of decision. And that-such was the understanding of the legislature, is evident from the circumstance of their having, by a subsequent provision in the same act, authorised justices to take cognizance of the balance of sums due by writing, after the amount shall be reduced by credits endorsed thereon, to an amount not exceeding fifty dollars.
.T ustices of the peace have not jurisdiction of contracts for the payment of money, exceeding the sum of $50, ■unlesá by credits actually endorsed on the writing, the sum shall be brought within their jurisdiction; the fact that payments have actually boon made and received reducing the sum due to less than $50, will not confer jurisdiction.
The act of assembly giv • ing to justices of the peace exclusive jurisdiction of all sums not exceeding $60, founded on writing or account, gives them n« jurisdiction where the contract is t® pay any thing else than money.
Under the an1 cient acts limiting the jurisdiction of justices of the peace to five pounds, they had no jurisdiction of contracts exceeding that amount, unless the sum due was reduced to less than that amount by credits endorsed.
Were tbe obligation upon wbicb this action is founded, therefore, for the direct payment of money, as it is for a sum exceeding fifty dollars, the first plea of Farrow could not be admitted to contain any thing which can oust the circuit court of its jurisdiction-; for the plea no where suggests that the amount of the obligation has been reduced to fifty dollars by credits endorsed thereon, arid according to our construction, the circuit court possesses jurisdiction in'all cases where the obligation is for more than fifty dollars, unless the amount is reduced to fifty dollars by credits actually endorsed on the obligation.
2, We know that by a subsequent act of the legislature it is provided, that justices of the peace shall have exclusive original jurisdiction of all sums not exceeding fifty dollars, founded on any specialty, bill or note in writing, or account. 2 Dig. L. K. 704. But the expression, sums, employed in that act, we apprehend, should be construed to mean sums of tmoney only, and' that notwithstanding the passage of that act, the circuit court still possesses jurisdiction in those cases of contracts for the payment of any thing else but money, wherein it previously had jurisdiction, as well as in cases of contract for the payment of sums of money exceeding fifty dollars, unless the amount is reduced to that sum by credits actually endorsed upon the writing evidencing the debt. The demurrer to the first plea was, therefore, properly sustained.
3. The second plea alleges the amount of the obligation unpaid, to be less than five pounds; so that its validity must be tested by other acts of the legislature, than those to which we have already referred. We think, however, that according to no law .can the plea be sustained. The act regulating the jurisdiction of justices over sums ®f less value than five poundss, is, no doubt, of more extensive import, than those acts which have increased their jurisdiction to fifty dollars. It is of all causes of less value than five pounds, that the act upon that subject has given cognizance to justices; whereas it is only of all sums not exceeding fifty dollars, founded on any specialty, bill or note in writing, or account, that those acts increasing their jurisdiction have conferred upon justices cognizance to the amount of fifty dollars. Whether a contract be for the payment of money or other thing of Jess value fhan five pounds, *464 mates no difference, therefore, as respects the jurisdia tion of justices. In either case, the justice would, no doubt, possess jurisdiction over the demand; but whether for money or other thing, if the obligation stipulates for an amount in value greater than five pounds, we suppose justices, under the law regulating their jurisdiction to that, amount, possess no cognizance. If the amount of such an obligation be reduced to less ^an ^ve Poun^s> by credits endorsed thereon, justices would, no doubt, possess jurisdiction over the residue remaining unpaid, under the provision of an act of the legislature of this country (2 Dig. L. K. 701) expressly giving them jurisdiction in such a case. But where the original amount .of an obligation is for more than five pounds, and is not reduced by credits actually endorsed thereon, to a less sum, justices possessed no jurisdiction, under the laws regulating their cognizance in cases of five pounds value. Hence we infer, the court was correct in sustaining,the demurrer to the second plea.
abitfin1 money or property. But ofde-mands not exceeding £5, they have jurisdiction,
The judgment-must, therefore, be affirmed with costs and damages.