## ESSEX COUNTY.

### MARCH TERM, 1834.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,  }
" JACOB COLLAMER,  } *Assistant Justices.*
" JOHN MATTOCKS,  }

Essex,
March,
1834.

### WILLIAM STEVENS *vs.* WILLIAM HOWE.

In a suit brought before a justice of the peace, the plaintiff declared, in several counts, for an indebtedness, in each, of one hundred dollars; but in his specification, showed charges amounting to more than one hundred dollars, and credits, of the same date, making a balance of less than that sum. Held that the justice has jurisdiction.

It seems, that however large the original debt, if it has been reduced by payments to a sum within his jurisdiction, the jutsice has jurisdiction.

This was a suit originally commenced before a justice of the peace, and came into the county court by appeal. The declaration contained counts for work and labor, money paid, laid out and expended, and a *quantum meruit,* and also a special count on an agreement, by the plaintiff, to carry the mail from Stanstead to Guildhall, for $300, to be paid by the defendant. The *ad damnum* in the first was stated at one hundred dollars. Upon the trial before the justice the plaintiff filed the following specification:

| Mr. Heman Howe to William Stevens, | | Dr. |
|---|---|---|
| January 1, 1833. To carrying U. S. Mail from Guildhall, Vt. via Lancaster, N. H. to Waterford, Vt. forth and back, twice in each week, for and during the term of one year, for the sum of | | $200 00 |
| To carrying 65 North Star papers on said route, for and during the term of one year, at 9d per paper, | | 8 14 |
| To distributing 5 papers, single, at 25 cents each, | | 1 25 |
| To one umbrella, taken from Wm. Sincler's shop, | | 1 00 |
| | | $210 39 |

| January 1, 1833. | Cr. | |
|---|---|---|
| By one wagon, valued at | $50 00 | |
| By one horse, valued at | 50 00 | |
| By one harness, valued at | 5 00 | |
| By one sleigh, valued at | 25 00 | |
| By cash received, | 4 00 | |
| | | $134 00 |

Essex,
March,
1834.

Stevens
vs.
Howe.

Balance,                                    $76 39

In the county court the defendant made a motion to dismiss on the ground that this specification showed the amount of the plaintiff's demand exceeded the jurisdiction of the justice. This motion prevailed, but to the decision of the court upon this question, the plaintiff made his exception, upon which the cause was passed to this court for further adjudication.

*J. Steele for plaintiff.*—It does not appear by the plaintiff's specification, that the defendant owes the plaintiff over one hundred dollars, nor does it appear by said specification, that the debt or matter in demand, exceeds the sum of one hundred dollars.

The contract mentioned in plaintiff's declaration, was a parol contract, and at the time the plaintiff contracted to carry the mail, as set forth in said specification, he received property, as specified in said specification, to the amount of $134, which sum was agreed upon and settled by the parties, leaving a sum less than one hundred dollars as matter of demand.

The *ad damnum* in the plaintiff's writ does not exceed $100.

At the time the defendant paid the plaintiff certain property, to the amount of $134, the price was agreed upon by the parties. From the plaintiff's specification or his own showing, if it appear that the balance due is not over $100, the matter in demand is within the jurisdiction of a justice of peace.—3 Vt. R. 321, 322.

*S. Cushman, contra.*—The specification filed by plaintiff, shows the "*matter in demand.*" This is not within the jurisdiction of a justice, but is within the jurisdiction of the county court. Justices have no jurisdiction where the "*matter in demand*" exceeds $100.—Stat. 139 of 1821. The amount of the matter in demand, as set forth in the declaration, is $500,—as set forth in the specification, $210 39. Upon this amount of claim, demand, or matter in controversy, the

ESSEX,
March,
1834.

Stevens
vs.
Howe

justice of peace must consider and adjudge.—4 Vt. R. 171, *Ladd* vs. *Nile*. What is the "*matter in demand?*" not the balance claimed—it is the amount on which the justice is to consider and adjudge.

The construction contended for by plaintiff, would give the justice *conclusive jurisdiction* in a case where there were *matters* in *demand* of ten thousand dollars' consequence. Amount "*claimed*," or "*balance claimed*" and "*matter* in *demand*," are widely different in their import and *meaning*.

A justice has not jurisdiction of items in a specification, the amount of which exceeds $100.—4 Vt. R. 182.—Acts of 1821 and Stat. of 1801. There can be no concurrent jurisdiction.— 1 Swift's Dig. 606.—See 3 Vt. R. 32. A motion to dismiss is proper in such case.—3 Vt. R. 198, *Church* vs. *Vanduzen*.

The opinion of the court was delivered by

MATTOCKS, J.—This case was originally commenced before a justice of the peace, and a specification was there filed and judgment for plaintiff, from which an appeal was taken; and, at the county court, the defendant filed a motion to dismiss the action, because, "by the specification filed by the plaintiff in the justice court, the amount of the plaintiff's claim in the justice court *exceeded* the jurisdiction of a justice of the peace." The motion was probably predicated upon the specification rather than upon the declaration, because it was considered that the plaintiff, in the county court, was not at liberty to depart from that; but the latter, by filing a new declaration, would be corrected, so far as form was concerned. But, the motion having prevailed, no declaration was filed in the county court, so that the question now, is not upon the declaration in the writ. For if the motion had been sustained, the plaintiff might have made the best declaration, that his caae and his writ would justify, not violating any rules in such cases established. The only question then is, whether the specification shews such a case as a justice cannot try. Was the "debt or matter in demand" over $100? Suppose a count framed in this manner, alledging that on the 1st of January, 1833, in consideration of $134, to the plaintiff by defendant paid, and by plaintiff then received, *i. e.* in consideration of defendant's promise to pay the further sum of $76 39, on demand, the plaintiff undertook to carry the mail and papers, as mentioned in the specification, and plaintiff averring, that in pursuance of

Essex,
March,
1834.

Stevens
vs.
Howe.

said contract, he immediately entered upon the performance thereof, or his part had performed, &c. But defendant, though requested, refused to pay the $76 39. What could be the objection ? It would not contradict the specification ; for the items, on both sides, are made on one day, 1st of January, 1833, and the plaintiff says such was the fact, and such would have been the proof, and if so, the case on trial would have been within the rule fixed by the court in *Bates* vs. *Downer*, 4 Vt. R. 178, to wit, that the plaintiff's writ or declaration, must present a case within the jurisdiction of the court, before whom he brings his action, and he must keep within that jurisdiction, when he exhibits his testimony, and also, within the rule in *M'Collam* vs. *Carr*, 1 B. & P. 223, to wit, that the original demand was within the jurisdiction of the justice ; as there never was but $76 37 due the plaintiff.

If the count would be good if proved, it would be good before trial, as the presumption is, the proof would follow the declaration; but if the proof shewed a case without the jurisdiction of the justice, then it might be dismissed on trial. I suppose it will scarcely be doubted, that where the transaction, out of which the indebtedness arises, depends on a special contract or express stipulation as to price and the payment made at the time, so far as to leave the balance less than $100, and by the terms of the contract, nothing is left to be overhauled or valued, that a justice might take jurisdiction of the balance due. In that case, the balance is a liquinated debt ; as for instance, a pair of horses are sold for $200, $190 is paid in hand, and at the sale, the balance of $10, to be paid on demand; or a $500 bank bill is changed, and the change is $10 short, and a promise is taken therefor, in lieu of cash; can it be supposed, that the value of the horses or the bank note is the "debt or matter" in demand, and therefore a suit must be brought to the county court to recover the balance $10 ? As the jurisdiction of the justice is the same upon verbal contracts as upon written, can there be any distinction between a debt that has been liquidated, verbally or in writing, by note or other contract ? Fraud or want of consideration, which may involve inquiries as to property of a large amount, of which the sum sued for in any case, may be the balance, can be set up in defence as well in the one case as in the other, and it is not perceived why this may not be a case of this kind. The specification merely shews, out of what transaction the debt

Essex,
*March*,
1834.

Stevens
*vs.*
Howe.

claimed, originated; the manner of it is left to be disclosed by the declaration and the proof; and if the payment had been afterwards made and received on the previous debt, the case of *Cannon & Warren* vs. *Merrill*, 3 Vt. R. 320, shews the balance would be the matter in demand, in case the evidence of the debt and payment were both in writing, as the endorsement on a judgment or execution, and perhaps it would be difficult to find a sound distinction between such a case and where the payment was made expressly on a debt created by parol or verbal contract, and the payment evidenced in the same way; for a portion of the debt or demand, is as completely extinguished in the one case as in the other, and what is not paid, in each case, is the debt or matter in demand. But in a case where property or services rendered, without any stipulation as to price, and the face of the claim is over $100, and payments have been made, under the same uncertainty as to price, it might be different.

Questions of this sort, upon implied contracts, as upon counts of *quantum meruit* or *quantum valebant*, have some analogy to the action of book account, where the prices of articles charged are commonly open, and where the legislature have with great caution confined the justice to the left hand side of the book, not allowing him to look to the right. Whether a justice could take jurisdiction in these cases, and whether he could, in a count of *insimul computassent*, this case does not call for a decision. In England the county court held pleas of debt or damages, under the value of 40s., (3 Black. 30,) and it is said an entire of debt, exceeding 40s., cannot be split so as to be sued for in that court; nor can the creditor falsely acknowledge satisfaction of a part so as to proceed for the rest.

But where the debt has really been reduced by payments under 40s., it may be recovered in that court.—2 Institutes, 312.—Palm. 564.—Comyn's Dig. County C. 8.

The court of bequests in London, have jurisdiction of all debts under £5, and if a suit is brought in a higher court for any debt not exceeding £5, plaintiff shall not recover any cost. It was held, if the demand was reduced by part payment to less than that sum, it was within the jurisdiction of the court of bequests.—*Horn* vs. *Hughs*, 8 East. 347. Frye, ch. justice, in the case of *M'Collam* vs. *Carr*, 1 B. & P. 223, delivered a different opinion, but his opinion was overruled, in the case of *Clarke* vs. *Aiken*, 8 East 28.—*Porter* vs.

Essex,
March,
1834.

Stevens
vs.
Howe.

*Philpot*, 14 East. 344.—*Fomin* vs. *Oswell*, 1 Maule & Selwyn, 392.—*Boudilet* vs. *Salisbury*, 9 John. 366.—1 Tidd. 154.

From these authorities it would seem, however large the original debt, yet if it has been reduced by payments to a sum within the jurisdiction of an inferior court, such court has jurisdiction of the cause. Under our organization of courts, where the trial of causes before justices, is in general open to appeal, it is believed this would be for the furtherance of justice, as, otherwise, many small debts, a small proportion of which are disputed, must be sued to the county court, which would create much unnecessary expense and delay. But certainly, when there never was a debt due above the jurisdiction of the justice, although the debt sued for was the result of a larger transaction; and where it was all one bargain, the closing of which should be considered the creating the debt; and the matter in demand is only such sum as the terms of the contract left due from the one to the other; it was premature in the county court, to dismiss the action, for want of jurisdiction, upon the motion filed in the cause.

The judgment of the court is reversed.

Judge COLLAMER dissenting.