## BARKER VS. BAXTER.

1 p 407
e115 1 25
e115 1 26

1. JUSTICE'S COURT — JURISDICTION — BALANCE DUE. Under the statute (Wis. Stat. 322, § 10) which limits the jurisdiction of justices of the peace to cases wherein the debt or *balance due*, or damages claimed shall not exceed $50, inclusive of interest, the words "balance due" mean the sum found due by the creditor and debtor, after an actual statement and settlement of their accounts.

2. SAME. A justice of the peace has no jurisdiction of an action founded upon an account exceeding $50, although there are credits which reduce it to less than that sum; the amount of the account sued, and not the balance claimed, being the test of jurisdiction.

3. SAME. Where an action was brought before a justice of the peace on an account exceeding $50, and the recovery also exceeds that sum, the plaintiff cannot bring his case within the jurisdiction of the justice by remitting the excess.

4. APPEAL. Where a justice of the peace had no jurisdiction of the subject-matter of an action brought before him, the district court will not have jurisdiction, on appeal from his judgment.

ERROR to the District Court for *Dane* County.

*Barker* sued *Baxter* before a justice of the peace, and filed his bill of particulars claiming $99.04, and gave credits to the defendant to the amount of $64.53, and claimed judgment for the balance. The case was tried before a jury and the plaintiff recovered $57.07. He re-

mitted the excess over $50. The defendant appealed to the district court, and in that court moved to dismiss the cause, because the justice of the peace had not jurisdiction to try and determine an action where the amount claimed exceeded $50, and the district court sustained the motion.

*A. Botkin* and *A. L. Collins*, for plaintiff in error, contended that it was the balance claimed which was the test of jurisdiction, and not the aggregate of the entire amount of the plaintiff's account or demand, and cited Stat. of Wis. 322, § 11 ; 1 Cowen's Treat. 29, 30.

*J. H. Knowlton* and *J. G. Knapp*, for defendant in error :

1. The district court properly dismissed the case for want of jurisdiction, as if the justice had no jurisdiction, the district court could not acquire it by an appeal being taken to that court. *Wait* v. *Moore*, 1 Bin. 219 ; *Wright* v. *Guy*, 10 Serg. & R. 227. In an action on an account the plaintiff's claim extends to every item, and each item forms a part of the matter in controversy and must be investigated.

2. The defendant may show that items of credit are stated too low by the plaintiff. All the authorities show that where the statute limits the jurisdiction of a justice to a certain sum claimed on an account, and the debit side exceeds such sum, the justice has no jurisdiction although the account is subject to a reduction by credits, so that the balance due may be less than the sum which is the limit of jurisdiction. *Breneman v. Greenwalt*, 12 Serg. & R. 29 ; *Holden v. Higgins*, 3 Penn. 469 ; *Farrow v. Summers*, 3 Litt. 460 ; *Jeters, admr.*, v. *Durham*, 6 J. J. Marsh, 228 ; *Clark v. Cornelius*, Breese, 21 ; *Bates v. Downer*, 4 Vt. 178 ; *Stevens v. Howe*, 6 id. 572 ; *Mattison v. Bloomfield*, 10 Wend. 555.

Irvin, J.   This case came up on error to the district court of Dane county, on a judgment given in favor of the defendant for costs on dismissal of the suit.

This action was commenced by a summons before a justice of the peace, to recover what was claimed as a balance due on an account which the plaintiff had against the defendant, which consisted of various items, and amounted to the sum of $99.04. To this there were credits given to an amount that left a balance of $34.51.

Before the justice (as a part of the history of this case) the plaintiff obtained a verdict of a jury for $57.07, and entered a remittitur of $7.07, and took judgment for $50, from which an appeal was taken to the district court. When the cause came on for trial there, the defendant filed the following motion: "And now comes the said defendant and moves the court to dismiss this suit, because the amount of items for which the plaintiff has declared (exclusive of credits) exceeds the amount for which a justice has jurisdiction;" which motion was sustained, and the suit dismissed at plaintiff's cost, to which decision exception was taken, and to reverse which the cause is brought here on error.

The motion presents the only point to be considered.

By the ninth section of the organic law of the Territory it is provided, "that the judicial power of the Territory shall be vested in a supreme court, district courts, probate courts, and in justices of the peace." It is further provided in said section, that "the jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate courts, and of justices of the peace, shall be as limited by law. Provided, however, that justices of the peace shall not have jurisdiction of any controversy where the title or the boundary of land may be in dispute, or where the debt or sum claimed exceeds $50." Such are the provisions of the organic law, which is a constitution to us.

By the tenth section of the law, page 322 of the statutes of Wisconsin, it is provided, that "every justice of the peace shall have jurisdiction co-extensive with the county for which he is appointed, of all actions of debt, covenant and assumpsit, and all other actions founded on contract,

of trespass and trespass on the case, for injury to persons, or to real or personal property, wherein the debt or *balance* due, or damages claimed, shall not exceed $50, inclusive of interest."

In this case the plaintiff claimed a balance as due, after allowing the credits as stated in his account, and, if the common parlance signification of the words *balance due* is to be the guide in the interpretation of the law regulating justices' jurisdiction, then the plaintiff would have been entitled to have and maintain this action; but if such is not to be the interpretation, but instead thereof, the technical definition is to be given to the language used, that is, what is found due by the creditor and debtor after a settlement of their accounts stated and acknowledged to be such, then he might not have and maintain this action, and the latter we take to be the true interpretation, for the correctness of which we refer to *Clark v. Cornelius*, Breese, 21; *Bates v. Downer*, 4 Vt. 178; *Stevens v. Howe*, id. 572; 3 Litt. 460; 8 Wend. 492; 16 Johns. 121; 1 Bin. 219; 1 Serg. & Rawle, 29; 3 Penn. 469; 6 Vt. 572; 10 Wend. 555.

Very many of these cases are unnecessary to the decision of this case in any other way than showing the true boundary to the action of tribunals of inferior and limited jurisdiction. If this were not the true interpretation, then a tribunal, intended to be very limited (and very properly so too), might inquire into, and settle and adjudicate matters in business that involved the consideration of accounts to any amount, and that under the pretense of a *balance due*. We hold that if the account to be examined, in order to ascertain what is due, reaches beyond the sum of $50, the justice cannot entertain jurisdiction of it, although there are credits enough to reduce what remains properly to be paid, below the sum of $50. The debit and not the credit side of his account forms and gives jurisdiction.

Had the question been made when the case first reached the district court, even the finding of the jury

before the justice would have been conclusive of the case, as it was for a greater sum than the justice had jurisdiction of ; nor was it competent to the plaintiff, by remitting the excess, to bring his case within the justice's jurisdiction ; and if the justice had not jurisdiction, the district court, sitting as an appellate court, could take none. We consider the case exceedingly plain, and must affirm the judgment of the district court, with costs.