SIMEON J. FORD, Plaintiff in Error.

*vs.*

MILAN FORD, Defendant in Error.

ERROR TO THE WINNEBAGO COUNTY COURT.

A verdict of no cause of action in replevin is not in conformity with the requisitions o the Statute, and no judgment can be rendered thereon.

The plea of "not guilty" to a declaration or complaint in the *cepit* and *detinet* puts in issue both the right of the plaintiff to the possession of the property, and the wrongful taking and detention thereof by the defendant.

In all actions of Replevin before a justice upon the general issue, the verdict must show a finding of the value of the property and of the title or right of possession.

A motion for a new trial is addressed to the sound legal discretion of the court, and it is only in cases of manifest abuse of such discretion that the supreme court will interfere, but when the verdict is so defective that a proper judgment cannot be rendered thereon, it is the duty of the court to set it aside, and order a *venire de novo*.

Sec. 5, of Chap. 36, of the Revised Statutes gives a lien upon an estray to the taker up for his lawful charges, upon his compliance with the requirements of the Statute.

The facts in this case are sufficiently set forth in the opinion of the court.

*Hand & Ketchum*, for the plaintiff in error.

*Austin & Blodget*, for the defendant in error.

*By the Court*, SMITH, J. This was an action of replevin originally commenced before a justice of the peace, by whom judgment was rendered in favor of the defendant. The plaintiff appealed to the County Court, where a trial was had upon which the jury returned a verdict of "no cause of action." The complain was in the *cepit* and *detinet*, and the plea not

guilty.  After verdict a motion was made for a new trial on the ground, 1st, that the verdict was contrary to evidence.  2d, that the verdict was contrary to law.  This motion was overruled and the plaintiff excepted.

The facts in the case are few and simple.  On the 8th of August 1852, a chestnut sorrel horse came into the enclosure of the plaintiff, who endeavored to drive him away, but could not.  He then took up the horse and put him in his barn.  He immediately advertised the horse as an estray, and on the tenth of August he filed in the Town Clerk's office of the proper town, a notice of his having taken up the horse, with a description of the same.  The same day he applied to a justice of the peace to appraise the property.  The same day about 5 o'clock P. M. the defendant went to the plaintiff's barn, when the plaintiff was absent, and took away the horse, claiming him as his own, without the knowledge or consent of the plaintiff, and without paying or offering to pay any charges or expenses.

The verdict in this case cannot authorize any judgment.  The statute provides that causes on appeal shall be tried upon the same issue as before the justice.  The plea of not guilty put in issue not only the right of the plaintiff to the possession of the property mention in the complaint, but also the wrongful taking and detention thereof.  And section 150 of chap. 88 of the Revised Statutes provides, "In all actions of replevin, it shall be necessary for the plaintiff, whether the defendant be present or not, to prove all the allegations of his complaint, and on such proof the justice or jury shall find, as well the value of the goods and chattels specified in the complaint, and as-

sess the damages which he has sustained by the unjust detention of the property replevied, as that the plaintiff is entitled to the possession of the property."

Section 151 of the same chapter, provides, that if on the trial of the issue joined, the jury shall find for the defendant, the justice or jury shall assess adequate damages for the caption and detention of the goods or chattels replevied, &c.

It is apparent that the title to the property was here put in issue, and a simple finding of "no cause of action," does not comply with the requirements of the law, the title or right of possession not found in either party, nor any damages. Upon such a verdict there can be no judgment of return or delivery, nor for damages. In all cases where the title of the property is in issue, it is necessary that the jury find the title or right of possession of the property, its value, and damages for the caption or detention, and this whether the verdict be for the one party or the other. This verdict, therefore, not being in conformity with the statute, it was the duty of the court to set it aside on motion. *See Heeron vs. Beckwith*, 1 *Wis. Rep* 17, and the cases there cited.

A motion for a new trial is addressed to the sound legal discretion of the court, and it is only in cases of manifest abuse of such discretion that this court will interfere. But when the verdict is so defective, that the proper judgment cannot be rendered upon it, it is the duty of the court to set it aside, and it is for such defective verdict that the judgment below is reversed.

This is decisive of the present case, but as another question is raised, which may call for the application of the replevin act, we proceed to consider it.

It is insisted on the one side, that the plaintiff had a lien upon the horse for the costs and charges of taking him up, as an estray, and on the other that no such lien attaches by law. Section 5, of chapter 36, of the Revised Statute provides,—"That if the owner, or person entitled to the possession of any stray shall appear at any time within one year after the notice is filed with the town clerk as aforesaid, and make out his right thereto, he shall have such stray restored to him, *upon paying all lawful charges which have been incurred in relation to the same.*"

We think a fair construction of this section does give the taker up a lien upon the animal for his lawful charges. His possession is made legal by the statute on his compliance with its requisitions, and possession is not awarded to the owner, except upon payment of the lawful charges.

Again Section 158, of chapter 88, makes another provision in relation to actions of replevin which it may be well to notice, in view of the respective claims of these parties. It is as follows: "Whenever upon the trial of any action of replevin, it shall appear that one party has a lien or claim upon the property in question, or a part thereof, to a part of its value only, and that the right of property in the same, subject to such lien or claim, shall be in the other party, in such case the verdict and judgment shall be according to the rights of the parties, and it shall be discretionary with the court, whether the judgment shall be for the return of the property, or for damages."

It is unnecessary to pursue this investigation further at this time, than to say, that in case the plaintiff pursued the directions of the statute in tak-

ing up the stray, we think he had a lien thereon to the amount of his proper costs and charges. The court below seems to have taken a different view of the law, and hence denied the motion for a new trial.

For the reasons above stated, the judgment of the court below must be reversed.

Judgment reversed and a new trial ordered.