Otto vs. Klauber.

OTTO v. KLAUBER.

*Accord and satisfaction — Application of payments.*

1. A mere promise by the creditor to his debtor, for no other consideration than the payment in money of part of an admitted debt, to accept such part in satisfaction of the whole, is void.

2. O. was indebted to K., and also to K. & Co., and for a sum paid to K., less than the aggregate of the two accounts, both were receipted in full by him, the receipt being signed "K. & Co." *Held*, that the total indebtedness was not extinguished.

3. O. not having made at the time any application of the payment as between the two accounts, the receipt by K. & Co. indicates an application thereof

in the first instance to the company account ; and the unpaid balance of the whole indebtedness, being less than B.'s individual account, may be recovered by him.

ERROR to the Circuit Court for *Dane* County.

This action was commenced by *Klauber* against *Otto* to recover a balance due on an account for groceries, etc., furnished to the defendant. The facts proved on the trial were substantially these : that in November, 1867, the parties had a settlement; that it was found that the defendant owed *Klauber* on private account, for groceries, $373.64, and Klauber & Co., for dry goods, $646.43 ; that thereupon he paid $712.50, and received from the plaintiff a receipt for that amount " in full of accounts to date, of dry goods and groceries." The receipt was signed, " S. Klauber & Co., per Pitman." The defendant proved on the trial, that this payment was made upon the understanding and agreement at the time, that it should be in full settlement of both accounts. The plaintiff claimed to have applied the payment in discharge of the partnership debt, and the surplus, so far as it went, upon his individual account, and that a balance was still due him of $307.57.

The court charged the jury, that " payment of a part of a debt is no legal satisfaction of the remainder, although the creditor agreed to receive the smaller sum in full discharge of the whole demand, and gave a receipt accordingly ;" that " the giving of a receipt in full for a debt already due, in consideration of the payment of a part only, such receipt not being under seal, does not discharge the debt."

Verdict for the plaintiff, on which judgment was entered ; and the defendant sued out a writ of error.

*Hopkins & Foote*, for plaintiff in error :

1. The payment made, if not considered in full discharge of both debts, should at least have been applied on both *pro rata*. Such must be presumed to have been the election of the debtor, and he had a right to elect how the payments should be applied.

2 Parsons on Con. 140, *et seq.*, and cases there cited. 2. The evidence does not show with absolute certainty what was the amount of both accounts, and the acceptance of the sum paid in compromise of the two claims is conclusive, at least so long as the creditor retains the fruits of his compromise. *Reid et al. v. Hibbard*, 6 Wis. 192; *Calkins v. The State*, 13 id. 394. The rule that a sealed release is necessary is unreasonably technical, and not favored by the courts. *Evans v. Wells*, 22 Wend. 340; *Miliken v. Brown*, 1 Rawle, 391; *Kellogg v. Richards*, 14 Wend. 116, 119; 2 Met. 285. 3. The *consideration* part *only* of a receipt can be contradicted or explained. The *application* and *effect* to be given to the payment, as indicated by the words " in full of accounts," are matters of contract, and not open to explanation.

*H. W. & D. K. Tenney*, for respondent:

1. It is well settled that the promise of a creditor to accept payment of part of an admitted debt — a partial performance of an already existing legal obligation — in satisfaction of the whole, is void as without consideration. *Cumber v. Wane*, 1 Smith's Lead. Cas. and notes; *Palmer v. Yager*, 20 Wis. 91; *Hansbrough v. Peck* (U. S. S. C.), American Law Register, December, 1867, p. 74. 2. The defendant failed to make any special appropriation of the money at the time of payment, and hence the creditor had a right to apply it as he saw fit. 4 Wisconsin, 442; 6 id. 28; 12 id. 61; 9 Cowen, 419; 1 Am. Lead. Cas. 140.

PAINE, J. Ever since the case of *Cumber v. Wane*, 1 Strange, 426, it has been the settled law, that a bald promise by a creditor, for no other consideration or benefit than the mere payment in money of a part of an admitted debt, to accept such part in satisfaction of the whole, was void for want of a consideration. In the notes to that case in 1 Smith's Leading Cases, 549, the English and American authorities are collected,

from which it appears that several qualifications to the general rule have been established, based upon some new matter of advantage to the creditor, to which the debtor was not previously bound. But, subject to these qualifications, the rule itself has been uniformly adhered to. It was recognized in the recent case of *Hansbrough v. Peck*, 5 Wallace, 497, and also by this court in *Palmer and others v. Yager and others*, 20 Wis. 91.

There is nothing to bring this case within any of the exceptions to the general rule. *Otto* was indebted to *Klauber* individually, and to Klauber & Co. There was an accounting, and the amount due on both accounts was ascertained and admitted to be about $1,200. For the sum of $712.50 both accounts were receipted in full, the receipts, however, being signed by Klauber & Co. This was all there was of it — nothing but the mere payment of part of a sum due, as a consideration for extinguishing the entire debt. The promise, therefore, was not binding and cannot be enforced.

But the counsel for the plaintiff in error suggest, that if the payment was not to be in full, then he had the right to apply it to either or both accounts as he saw fit, and that *Klauber* cannot recover the entire balance on his individual account.

It is true that a debtor may apply his payment to any debt he chooses. But he must do this when he makes it, otherwise the creditor may apply it. Here it is obvious that, as between the two accounts, *Otto* made no application specially to either, because he supposed he was paying both in full. But even if the fact that here the accounts were due to different parties, one belonging to the firm and the other to *Klauber* individually, would prevent the application of the rule allowing the creditor to apply the payment, which is not determined, still the receipt having been given by Klauber & Co., that of itself would indicate an application of the payment in the first

instance to the company account, leaving any balance that might remain due upon *Klauber's* individual account only.

There was no error, and the judgment must be affirmed.

*By the Court.* — Judgment affirmed.