Darling vs. Conklin.

---

## DARLING VS. CONKLIN.

REPLEVIN: JURISDICTION OF J. P.: APPEAL FROM J. P. *(1–3) Jurisdiction of justice's court in replevin. (4, 5) Power of circuit court on appeal in such cases.*

PRESUMPTION: *(6) That there was evidence to support the charge.*

1. If the affidavit upon which a writ of replevin issues from a justice's court, fails to state the value of the property, or states it over $200, the justice takes no jurisdiction, whatever the value may be in fact, and the proceeding is *coram non judice.*
2. If the affidavit states the value under $200, the justice has jurisdiction to issue the writ and try the action.
3. If, however, in such a case, the justice's judgment, which must always determine the value, determines it to be over $200, he has no further jurisdiction (whatever the value may be in fact), except to render the statutory judgment of abatement (R. S., ch. 120, sec. 145), including costs in defendant's favor, and damages for the caption and detention of the property seized by the officer.
4. An appeal lies from such a judgment; and on such appeal the circuit court tries *de novo* the question of value, as it does other issues, and determines it for all purposes, including the question of the justice's jurisdiction.
5. *Barker v. Baxter*, 1 Pin., 407; *Dewey v. Hyde*, 1 id., 469; *Felt v. Felt*, 19 Wis., 193; *Stringham v. Supervisors*, 24 id., 594; *Klaise v. The State*, 27 id., 462; *Nimmick v. Mathiesson*, 32 id., 324; and *Cooban v. Bryant*, 36 id., 605 — distinguished from this case.

6. Where the charge of the court is correct in itself, and the bill of exceptions is not certified to contain all the evidence, it will be presumed that there was evidence to support the charge.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin, commenced in justice's court by the issue of the writ upon an affidavit in the usual form. The answer contained, among other things, a general denial, and an averment that the property was worth $300; and demanded judgment for its return and damages for its detention. On the trial, the justice found that the property was of the value of $201.28, and was of a value beyond his jurisdiction, and that defendant's damages for the taking and detention were six cents; and he rendered judgment for the return of the property to the defendant, and for damages and costs. Plaintiff appealed to the circuit court. On the trial there, defendant moved, on the return of the justice, to dismiss the appeal for want of jurisdiction in the justice; but the motion was denied. The jury found for the plaintiff, and assessed the value of the property at $146.03, and the damages for the detention at six cents; and from a judgment on the verdict, the defendant appealed.

The cause having been submitted on the brief of *Giffin & Williams* for the appellant, and that of *Gilson & Ware* for the respondent, the court ordered an oral argument on the question of jurisdiction only; and that question was accordingly argued by *N. C. Giffin* for the appellant, and *N. S. Gilson* for the respondent.

For the appellant it was argued, 1. That where a justice of the peace has no jurisdiction of the subject matter of an action commenced before him, the circuit court will not have jurisdiction on appeal from his judgment. *Barker v. Baxter*, 1 Pin., 407; *Dewey v. Hyde*, id., 469; *Felt v. Felt*, 19 Wis., 193; *Stringham v. Supervisors*, 24 id., 594; *Klaise v. The State*, 27 id., 462; *Nimmick v. Mathiesson*, 32 id., 324; *Wightman v. Devere*, 33 id., 570; *Cooban v. Bryant*, 36 id., 605. It is clear that under our statute the justice was ousted of

jurisdiction. Tay. Stats., 1382, § 152; *Dennis v. Crittenden*, 42 N. Y., 542. The finding of the justice was a judicial finding upon a question of fact of which he had jurisdiction, and was conclusive upon both parties. *Glackin v. Zeller*, 52 Barb., 147. 2. That the question of jurisdiction was not waived by defendant's going to trial in the circuit court after his motion to dismiss was denied. *Klaise v. The State*, *supra; Damp v. Town of Dane*, 29 Wis., 420; *Dudley v. Mayhew*, 3 N. Y., 9; *People v. Clerk of N. Y. Marine Court*, 3 Abb. Pr., 309, 320; *Beach v. Nixon*, 9 N. Y., 36.

For the respondent it was argued, that the decision of the justice on any question of fact, as the question of the value of the property, is not *res adjudicata* on a new trial in the appellate court, but is reviewable by that court. *Dennis v. Crittenden*, 42 N. Y., 542. In *Felt v. Felt*, 19 Wis., 193, and *Cooban v. Bryant*, 36 id., 605, it was not the finding of the justice that led to a dismissal, but the fact that the evidence in the appellate court showed that the justice had no jurisdiction. The other Wisconsin cases cited for the appellant are cases in which the inferior tribunal had no jurisdiction of any part of the subject matter of the action.

RYAN, C. J. I. If the affidavit on which the writ of replevin issued had not stated the value of the chattels, or had stated it over $200, the justice would have taken no jurisdiction, whatever the value might be in fact; and the whole proceeding would have been *coram non judice*. But because the affidavit stated the value under $200, it gave the justice jurisdiction to issue the writ and to entertain the action, whatever the value of the chattels might be in fact. His jurisdiction of the action rested on the affidavit, independently of the value of the chattels in fact, until his judgment should determine the value. If that had found the value not to exceed $200, the jurisdiction conferred by the affidavit would have continued for all purposes, whatever the value might be in fact. When

that found the value to exceed $200, the jurisdiction of the action, derived from the affidavit, ceased for all purposes except the statutory judgment of abatement, independently of the value in fact. But that determination ousted the jurisdiction only thenceforth; it did not operate to defeat the jurisdiction theretofore conferred by the affidavit, to issue the writ and to entertain the action. Further jurisdiction of the action on the merits ceased, not by the mere fact that the value exceeded $200, but by the judicial determination of the fact. Until such determination, the value stated in the affidavit was conclusive of the jurisdiction. R. S., ch. 120, sec. 5, secs. 132--145; *Shaw v. Webster*, 18 Wis., 498.

In such actions, the judgment of the justice must always determine the value of the chattels. *Ford v. Ford*, 3 Wis., 399; *Carney v. Doyle*, 14 id., 270. Determining it within the jurisdiction, the judgment is also to determine the action upon the merits. Determining it beyond the jurisdiction, it cannot determine the merits; but, without reference to the merits and by way of abatement, is to provide for the defendant's damages by the replevin and for the return of the chattels to him.

When want of jurisdiction *ab initio* in any court is patent, a plea to the jurisdiction is generally unnecessary. When want of jurisdiction is latent, resting on matters not appearing of record, a plea to the jurisdiction is always proper. We do not understand sec. 145 as abrogating pleas to the jurisdiction, touching the value of the chattels; it appears only to dispense with their necessity. Such a plea appears to have been pleaded in this case. The section virtually gives the defendant in replevin the benefit of the plea, without pleading it. The determination of such a plea in favor of the defendant would unquestionably oust the jurisdiction of the justice to render judgment on the merits, without the provision of sec. 145. Under the section, equally with or without such a plea, the justice's determination that the value exceeds his juris-

Darling vs. Conklin.

diction, has the same effect upon his jurisdiction of the action on the merits, as judgment for the defendant on such a plea to the jurisdiction would have had, without the provision of the section.

The justice's judgment, either way, upon his jurisdiction, is liable to error and subject to appeal, as his judgment on the merits. Sec. 204 gives an appeal from any judgment of a justice, without distinction between judgments in abatement and on the merits. We know of no statute or rule which limits the issues, to be tried on such an appeal, to issues in bar only. We hold the right of such appeal to include the right of retrial in the circuit court of all issues tried before the justice, whether upon jurisdiction or in abatement or in bar. When a judgment in replevin determines the value either way, as within or without the jurisdiction, the appeal of either party carries that question to the circuit court for determination *de novo*. And when the judgment, as in this case, is in abatement, the plaintiff's appeal takes that question to the circuit court for trial *de novo*, precisely as if the judgment had been in bar upon the merits. In every such case, the circuit court must determine the value, as well as the justice. *Ford v. Ford, supra; Bates v. Wilbur*, 10 Wis., 415. And, whatever the judgment of the justice may have been, the circuit court determines the value *de novo*, for all purposes, including the question of the justice's jurisdiction of the amount.

This becomes more apparent, if need were, by the nature of the judgment directed by sec. 145. It is not a judgment in mere abatement, but for damages also. It is not denied, and indeed could not well be, that the judgment for damages is appealable. And an appeal from a justice's judgment is necessarily from the whole judgment; taking the whole to the circuit court for redetermination; in this instance, not only the question of damages, but the ground on which they were awarded — the justice's determination against his jurisdiction.

*Barker v. Baxter*, 1 Pin., 407, *Dewey v. Hyde*, id., 469, *Felt v. Felt*, 19 Wis., 193, *Klaise v. State*, 27 id., 462, *Nimmick v. Mathiesson*, 32 id., 324, *Cooban v. Bryant*, 36 id., 605, cited by the appellant, and similar cases here and elsewhere, go upon apparent defect of jurisdiction *ab initio*, rendering the whole proceeding of the justice *coram non judice;* or upon defect of jurisdiction, inherent in the subject matter and inseparable from it, independent of any finding of fact. In such cases, there is either incurable want of jurisdiction throughout, or a subject matter apparently and essentially without the jurisdiction. Of like character is *Stringham v. Supervisors*, 24 Wis., 594. That class of cases would be directly in point, had the affidavit here stated the value to exceed $200. But we do not perceive how they should govern a case in which the justice unquestionably took jurisdiction, afterwards suspended by an error of fact, and restored by correction of the error on appeal.

II. There are no exceptions to the admission or exclusion of evidence, which we deem it necessary to consider. There are exceptions to the charge of the judge of the court below. And the brief of the appellant's counsel argues for reversal, upon an acute and learned application of the charge to the evidence contained in the bill of exceptions.

We have carefully considered the charge of the learned judge, and we cannot perceive, and indeed it is not contended, that, considered by itself, it contains any error of law. If applicable to evidence given, it is unquestionably correct.

And we must assume that evidence was given in the case to support the charge. The bill of exceptions does not purport to contain all the evidence. And the rule of this court, in such circumstances, has been long and well settled. " The defendant likewise took several exceptions to the charge of the court to the jury. The exceptions so taken can avail nothing in this court, since the bill of exceptions is not certified to contain all the testimony given upon the trial. .... The ex-

ceptions to the charge are all based upon the supposed absence or insufficiency of testimony to justify the instructions given. Without the certificate necessary to show that there was no testimony, or that it was insufficient, we are bound to presume that there was testimony, and that it was sufficient to justify the instructions given or facts assumed by the court in the charge." *Paine v. Smith*, 32 Wis., 335; *Bowen v. Malbon*, 20 id., 491; *Hubbard v. Lyndon*, 24 id., 231; *Antisdel v. Railway Co.*, 26 id., 145; *Cutler v. Hurlbut*, 29 id., 152; *Eaton v. Lyman*, 33 id., 34; *Re McIntyre*, 38 id., 318; *Greening v. Bishop*, 39 id., 552.

*By the Court.* — The judgment of the court below is affirmed.