## CUER vs. Ross and another, imp.

*May 29 — June 23, 1880.*

JUSTICE'S COURT. *(1, 2) Jurisdiction in actions on accounts.*
LIEN ON LOGS. *(3) When petition must be filed.*

1. In an action in justice's court upon an account, it is only where the items of account between the parties, *which still remain open to investigation*, exceed in the aggregate $500, that the cause is beyond the justice's jurisdiction. Where one item of the litigated account is *a balance* alleged to be due on a previous *settlement*, and the settlement is not denied, or is found to have been made in fact, the amount included in the *prior* account does not affect the question of jurisdiction.
2. Where the present owners of logs on which a lien is claimed for the amount of the debt, are joined as defendants with the debtor, though they may not be bound by the settlement between plaintiff and the debtor, yet, in the absence of any attempt to impeach such settlement, the amount of the prior account will not affect the justice's jurisdiction; nor will it be affected by the fact that an examination of the whole account is necessary in order to determine to what extent the indebtedness is *a lien.*

3. Under the lien law found in Tay. Stats., p. 1769, § 27, where an account for supplies commenced in July, 1877, but, by a proper application of payments on account, all those previous to November 1, 1877, were paid· for, and the remainder, for which a lien was claimed, were furnished between the latter date and May 1, 1878, a petition for a lien filed before June 1, 1878, was in time.

APPEAL from the Circuit Court for *Marathon* County.

The defendants above named appealed from a judgment in plaintiff's favor. The case is thus stated by Mr. Justice TAYLOR:

" This action was commenced in justice's court against one Peters and the appellants to recover about the sum of $135, alleged to be due to the plaintiff from Peters for supplies furnished to him in getting out certain pine logs which the appellants own or have an interest in, and for a judgment declaring the plaintiff's right to a lien upon such logs and timber for·said sum. Peters did not make any appearance or defense in the action. The appellants appeared and defended as against the claim of the plaintiff for a lien upon the logs and timber in question. At the time of pleading in the justice's court, the appellants demanded a bill of particulars of the account of the plaintiff against the defendant Peters, which was furnished. The first item of the bill of particulars furnished was for balance due on settlement December 11, 1877, $225.28. The rest of the bill was for items furnished thereafter, amounting to about $10, and a credit by cash, $100, January 23, 1878, leaving a balance due of $135.45.

" On the day to which the action was adjourned, the appellants demanded a further bill of all the items of the account between the plaintiff and the defendant Peters previous to the settlement of ,December 11, 1877; and this itemized account was also furnished, commencing July 4, 1877. All the items of plaintiff's charges against Peters in this account, down to the 11th day of December, 1877, amounted to the sum of $760, and the credits for payments to that date were $534.72; leaving a

balance on that date of $225.28, as stated in the original account rendered. This last account also states that on the 11th day of December, 1877, there was a settlement between plaintiff and defendant Peters, and that there was due plaintiff on such settlement the sum of $225.28. And the items of the account after that date are the sum of about $10, as stated in the first account, and a credit of $100 paid January 23, 1878.

The appellants, after the filing of the second account, moved in the justice's court to dismiss the action because the court had no jurisdiction to try the same, for the reason that it involved the investigation of an account amounting to more than $500. The objection was overruled, and upon the trial the justice rendered judgment against the defendant Peters for the sum of $139.03 and costs, and a judgment in favor of the appellants. The plaintiff appealed to the circuit court. Upon the trial in that court, the appellants renewed their motion to dismiss the action on the ground that the justice had no jurisdiction to try the action for the reason above stated. The motion was denied, and the appellants duly excepted. This ruling on the part of the circuit court is assigned as one of the errors upon which the appellants rely for the reversal of the judgment."

The circuit court rendered judgment in plaintiff's favor, against all the defendants, as demanded in the complaint; and from this judgment *Ross* and *Scott* appealed.

Brief for the appellants by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

Brief for the respondent by *James & Crosby*, and oral argument by *Mr. Crosby*.

TAYLOR, J. We are of the opinion that the ruling of the circuit court was correct. Both the bills of items furnished by the plaintiff showed that there had been a settlement of the accounts between the plaintiff and the defendant Peters on the 11th day of December, 1877, and that upon such settle-

ment there had been found due the plaintiff the sum of $225.28. This settlement was not denied by the defendants in their answer, nor was there any evidence given on the trial in any way tending to impeach the correctness of the settlement. Peters makes no defense, and the appellants do not on his behalf, either by their answer or by their evidence, dispute the alleged settlement made December 11, 1877. It cannot be said, therefore, that it became necessary for the justice to investigate the plaintiff's account previous to the date of the settlement for the purpose of ascertaining the amount due to the plaintiff from the defendant Peters. The amount due the plaintiff from Peters was fixed by the settlement on that day, and was not open for investigation. As between the plaintiff and Peters the court had jurisdiction to entertain and decide the action. This seems to have been settled by this court in the cases of *Cooban v. Bryant*, 36 Wis., 605–610, and *Barker v. Baxter*, 1 Pin., 407. If the settlement had been denied by the defendants, and upon trial the court had found that no settlement had in fact been made, it is probable the court would have been compelled to dismiss the action for want of jurisdiction, as in such an event the whole account then open to investigation would exceed the sum of $500. In such event the case would come within the rule laid down in the case of *Darling v. Conklin*, 42 Wis., 478. When the fact appeared on the trial that it would become necessary to investigate an account on the part of the plaintiff exceeding $500, the jurisdiction of the court would cease, and it would be its duty to render a judgment dismissing the action for want of jurisdiction.

But it may be urged by the appellants that although, as between the plaintiff and Peters, the action was maintainable, on the ground that there had been a settlement and balance struck on the 11th of December, 1877, which would bind Peters, they were not bound by it, and that as to them the whole account must be investigated by the court. It is probable that a set-

tlement between Peters and the plaintiff would not conclude these appellants, and that notwithstanding such alleged settlement they would be at liberty to show that there was nothing in fact due plaintiff from Peters; but the fact still remains in this case that they have not in any way impeached the correctness of the settlement between the parties, and the plaintiff is not compelled to prove his account previous to the settlement, unless it be in some way shown to be incorrect.

It is further urged that, independent of the question of the correctness of the account before the settlement, and of the settlement itself, it became necessary for the court to look into the whole account for the purpose of determining whether it was composed of items which would be a lien upon the appellant's property, and that for such purpose the whole account of $770.20 would be necessarily the subject of investigation by the court. Admitting that it might be necessary to examine the whole account for the purpose of determining whether the plaintiff was entitled to a judgment declaring his lien upon the logs in question, still we do not think the necessity for such examination would oust the jurisdiction of the court. The jurisdiction of the justice does not depend upon the necessity of inquiry for the purpose of establishing the lien of the plaintiff, but upon the necessity of inquiry as to the amount due from the principal defendant to the plaintiff. If the accounts between the plaintiff and principal defendant had been fully settled, and a note given for the balance due, still, in an action to obtain a judgment for the amount of the note, and to have the amount declared a lien upon property, it would be necessary to inquire into the consideration for which the note was given, and such inquiry might necessitate the examination of a very large account. Still, if there were no dispute as to the amount of the note being the sum due from the principal defendant to the plaintiff, there would be no ground of objection to the jurisdiction of the court. The statute gives "justices of the peace jurisdiction in cases of lien, when the debt or demand claimed

does not exceed the jurisdiction of a justice of the peace." It is, we think, evident that the jurisdiction here spoken of is the jurisdiction as between the plaintiff and principal debtor; so that, if the justice has jurisdiction as to the principal debtor, he has jurisdiction as to all the defendants, and may investigate any matter in the action necessary to enable him to determine the question of lien. We think the justice had jurisdiction in this action, and that the circuit court properly denied the motion to dismiss.

The second error assigned by the appellants is, that the court erred in finding that the plaintiff was entitled to a lien for the amount of $135.48. This was a mixed question of fact and law, and we must uphold the finding of the court unless it be clearly shown that the finding is not supported by the evidence and law applicable to the case. The only evidence tending to sustain the objection taken is, that the bill of items furnished shows that three items of the account, amounting to $67.19, were probably items not constituting supplies within the meaning of the law. The three items are charged in plaintiff's account, under date of December 10, 1879, as follows:

"To Andrews' bill, September 3, 1877, . . $8.63
"To Willard's bill, October 17, 1877, . . . 7.38
"To D. Pearson's bill, October 1, 1877, . . 51.18"

These were the only items which were shown not to be supplies within the meaning of the law. It will be seen that these items, though charged in plaintiff's bill under date of December 10, 1877, were probably paid as of the dates of the several bills, viz.: September 3, October 1, and October 17, 1877. Payments were made on the account of plaintiff as follows: October 17, 1877, $150; December 11, $200; and January 23, 1878, $100,— in all, $450,— after the bills above charged in plaintiff's answer were paid; so that, applying the rule as to the application of payments made on a current account, these items which are objected to would have been paid,— the account current showing that nearly $200 of charges

were made in plaintiff's account for articles furnished to the defendant after October 17, 1877; so that the payments made after that date would have paid all the account previous thereto, and a part of the subsequent account. *Jones' Adm'rs v. Williams*, 39 Wis., 300; *Otto v. Klauber*, 23 Wis., 471; *The Yellow River Improvement Co. v. Arnold*, 46 Wis., 214; *Robbins v. Lincoln*, 12 Wis., 1. As there is no evidence showing that any other items of the plaintiff's account were not supplies, and there was evidence tending to show that all the other items were supplies within the meaning of the law, we are unable to see how the appellants were injured by the findings of the court upon this question.

The appellants assign as a third error, that the court erred in finding that the plaintiff had a a lien upon the defendants' property for any party of his account, for the reason that he had not filed his petition for a lien within the time prescribed by law. The statute in force and which governed at the time this action was commenced, is found in Taylor's Statutes, 1769, § 27, and it provides as follows: "If such labor and services be done and performed and completed between the first day of November and the first day of May, then such petition or statement shall be filed on or before the first day of June next thereafter; but if the same shall be done and performed, either in part or in whole, after the first day of May, then such petition or statement shall be filed within thirty days after the completion or last day of such labor or services." Although the language of the statute above quoted does not mention "supplies," yet it is admitted that it applies as well to the person seeking a lien for supplies as to one seeking to obtain a lien for work and services. It is urged that some of the supplies for which a lien is claimed in this action were furnished after the first day of May and before the first day of November, 1877, and that the petition or statement should have been filed within thirty days after the last item was delivered, which was on the 23d day of January, 1878, and that in fact the petition

was not so filed until the 22d of March, 1878, nearly sixty days after the delivery of the last article.

We are of the opinion that the objection is not well taken. Although the account for supplies in this action commenced in July, 1877, yet, by an examination of the items furnished and the dates of furnishing the same, it will be found that, by applying the money received on the account in payment of the articles first furnished, all the articles furnished and for which the plaintiff claims a lien against the property of the appellants, were furnished after the first day of November, 1877, and none before that date; so that according to the letter of the statute the plaintiff was in time in filing his petition, and might properly have filed the same at any time before the first day of June, 1878.

We do not think any of the exceptions taken by the appellants are sufficient to justify the reversal of the judgment of the court below.

*By the Court.*—The judgment of the circuit court is affirmed.