## SHAW vs. WEBSTER.

In replevin before a justice of the peace, where the justice fails to find the value of the property, the statements of its value in the affidavit for the writ must be taken as true for the purpose of determining whether there shall be a trial *de novo* in the appellate court in case of an appeal.

APPEAL from the County Court of *Milwaukee* County.

Replevin, commenced in a justice's court. The plaintiff's affidavit for a seizure of the property, and his complaint, stated the value at $92. Answer, a general denial, and an allegation that defendant rightfully held the property as sheriff, by virtue of an execution, &c. The justice found that the plaintiff was the owner and entitled to the possession of the property, order· ed the officer to deliver the same to him, and rendered judgment against the defendant for costs ; but he did not find the value of the property. The defendant appealed to the county court. When the cause was there called for hearing, the defendant insisted that it must be heard upon the original papers

and the return of the justice, and the plaintiff objected on the ground that the return showed no finding or judgment from which an appeal could be taken. The court made an order dismissing the appeal ; and from this order the defendant appealed to this court.

*G. S. P. Stillman* and *Joshua Stark*, for appellant, argued that the judgment of the justice was not void, and the defendant's only remedy was by appeal ; and that in all cases of appeal in such actions, the cause is to be heard on the original papers and the justice's return, unless the finding of the justice or the jury shows the value of the property to exceed fifteen dollars. R. S., ch. 120, sec. 217 ; Laws of 1859, ch. 112, sec. 7.

*Butler & Cottrill*, for respondent, cited sec. 144, ch. 130, R S., and sec. 7, ch. 112, Laws of 1859, and contended that, the justice not having found the value of the property, the county court could not determine from the return whether the cause should be tried *de novo*, or upon the return, and had no alternative but to dismiss the appeal.

*By the Court,* DIXON, C. J. In *Carney v. Doyle*, 14 Wis., 270, which was an action of replevin instituted before a justice of the peace, and taken to the county court by appeal, and in which the justice failed to find the value of the property replevied, it was held that in the absence of such finding, the value of the property as stated in the affidavit for the writ would be taken to be the true value for the purpose of determining the mode of trial in the county court. The affidavit in that case stating the value of the property to be $14, it was determined that there could be no trial *de novo* in the county court. That case seems to be decisive of this. It is true that there the judgment of the justice was reversed because there was no finding. Here, however, there was a finding, but defective by reason of the omission of the value of the property R. S., ch. 120, sec. 144. Without a finding of the value, the

affidavit in this respect is to be taken to be true ; and the court, instead of dismissing the appeal, should have proceeded to a trial *de novo* upon the merits.

Order reversed, and cause remanded for further proceedings according to law.