## BRADLEY VS. MORSE.

*Appeal from J. P.—Trial de novo.*

In replevin, on appeal from the judgment of a justice's court, the jury not having found the value of the property, the value stated in the affidavit must govern in determining whether there shall be a trial *de novo* in the circuit court.

APPEAL from the Circuit Court for *Grant* County.

Replevin, commenced in justice's court, the value of the property being stated in the affidavit at $8. Verdict, that the property belonged to the plaintiff, no other fact being found. · Judgment for plaintiff for $8.00 damages, and costs of suit.

On appeal, the circuit court directed the issue to be tried by a jury, and rendered judgment upon their verdict against the defendant; from which he appealed.

*A. R. Bushnell* (with *S. U. Pinney*, of counsel), for appellant. *J. Allan Barber*, for respondent.

DIXON, C. J. It is the value of the property as found by the justice or jury, which shall be taken as the amount of the judgment, exclusive of costs, in determining whether there shall be a trial *de novo*, upon appeal to the circuit court in cases of this kind. Laws of 1859, ch. 112, sec. 7. If the justice or jury failed to find the value of the property, then the value as stated in the affidavit for the writ governs. *Shaw v. Webster*, 18 Wis., 498; *Carney v. Doyle*, 14 id., 270. In this case there was no finding by the jury as to the value, and the value stated in the affidavit was eight dollars. The order of the court, therefore, transferring the cause to the issue docket to be tried by a jury, and the trial by the jury, were unauthorized.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings according to law.