## O. N. Brass v. James R. Green, et al.

### Gen. No. 4,266.

1. CHATTEL MORTGAGE—*effect of assignment of notes secured by.* The assignment by a mortgagee of a note secured by a chattel mortgage operates in equity *ipso facto* as an assignment of the mortgage.

2. CHATTEL MORTGAGE—*relation of, to the debt secured.* The debt is the principal thing, the mortgage the mere incident thereof.

Brass v. Green.

3.  CHATTEL MORTGAGE—*where legal title to property covered by, rests.*
A chattel mortgage vests the legal title to the property covered in the
mortgagee, subject to the conditions in such mortgage expressed.

4.  CHATTEL MORTGAGE—*effect of assignment of.*  A chattel mort-
gagee in this state cannot, either by virtue of the common law or by
virtue of statute, assign the legal title vested in him by virtue of such
mortgage.

5.  CHATTEL MORTGAGE—*effect of assignment of debt secured by.*
After a chattel mortgagee has assigned the debt secured by his mortgage
he becomes a mere naked trustee of the legal title with no power to re-
lease or discharge the mortgage lien or otherwise to dispose thereof, and
he has no right, of his own motion and for his own benefit, to institute
and maintain an action for the recovery of the property or for a viola-
tion of a right secured by such mortgage, and this notwithstanding
he may be liable as an indorser and the defendants may have been
guilty of a wrongful conversion; nor does the absolute reacquisition by
such chattel mortgagee (after the commencement of such a suit) of such
note and mortgage affect his rights so to maintain such suit.

Action of trover.  Error to the Circuit Court of McHenry County;
the Hon. CHARLES E. FULLER, Judge, presiding.  Heard in this court at
the October term, 1903.  Affirmed.  Opinion filed March 14, 1904.

D. T. SMILEY, for plaintiff in error.

V. S. LUMLEY, for defendants in error.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellant sold a note secured by a chattel mortgage to
the State Bank of Woodstock on the day the note and
mortgage were executed.  He indorsed the note and de-
livered it together with the mortgage to the bank.  Before
the note matured the mortgagor sold the mortgaged prop-
erty to appellee, who had constructive notice of the mort-
gage, which was duly executed and recorded as required by
the statute.  The maker of the note made default in its
payment, and the bank called upon appellant, as indorser,
for payment.  Before making payment, appellant com-
menced this suit of his motion and for his own benefit for
the value of this property, which had been shipped away
and sold by appellees and thereby converted to their own
use.

Before the trial in the Circuit Court, but after the suit
had been tried before the justice of the peace, appellant

paid the note to the bank and received the note and mortgage, which he offered in evidence at the hearing in the Circuit Court. Upon these facts the Circuit Court directed a verdict for appellees, and the exception taken to the order of the court in directing a verdict presents the sole question for our determination.

Whether appellant, the original mortgagee who had assigned the note secured by the chattel mortgage, has such right and title in the mortgaged property as will support an action against a third party who buys that property from the mortgagor and converts it to his own use, presents purely a legal question and one which so far as our research has extended has not been heretofore determined in this state. The assignment of the note by appellant carried with it the mortgage given for its security and this is true in equity independent of whether the mortgage was assigned. Kreider v. Fanning, 74 App. 234; Jones on Chattel Mortgages, sec. 503; Gass v. Harding, 48 Ill. 150; Hilliard on Mortgages, vol. 1, page 237. The debt is the principal thing, and the mortgage is a mere incident attached to the debt, which has no separate and determinate value; whatever discharges the debt *eo instanti* extinguishes the mortgage. " The rule in this state undoubtedly is, that the assignment of the debt carries the mortgage with it, and the mortgage can have no validity separate and apart from the debt, nor otherwise than as an incident to the debt. Olds v. Cummings, 31 Ill. 188; Delano v. Bennett, 90 Ill. 533; Towner et al. v. McClelland, 110 Ill. 542." Union Mutual Life Ins. Co., et al. v. Slee, 123 Ill. 57. The mortgage vested the legal title of the chattel in the mortgagee subject to conditions expressed therein. In this regard the mortgage is somewhat similar to an alienation of chattels personal, by deed, a method recognized by the common law. The deed by reason of its being a solemn act, under seal, imports a consideration and passes the property in the goods to the grantee, notwithstanding the possession may remain with the grantor. Williams on Personal Property, 4th vol., page 37, and cases cited in note. The legal title vested

in the mortgagee by the mortgage is not assignable either by the common law or by our statute.

What then is the legal status of appellant with respect to the mortgaged property after he has assigned the debt? The legal title is in him, and it is contended he may therefore institute any appropriate action for the conversion of the property. We do not concur in this view. In Jackson, *ex dem* v. Willard, 4 Johns. R. 42, Chief Justice Kent says: " Lord Hardwicke held that, at law, a discharge of a mortgage debt by parol was considered as a discharge of the mortgage; that even the law considers the debt as the principal and the land as an accident only." He further says: " It is but an incident attached to the debt, and in reason and propriety it cannot, and ought not to, be detached from the principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond. The control over the mortgaged premises must essentially reside in him who holds the debt. It would be absurd in principle, and oppressive in practice, for the debt and the mortgage to be separated, and placed in different and independent hands." This doctrine is cited and approved by our Supreme Court in Lucas v. Harris, 20 Ill. 165, and in Barrett v. Hinckley, 124 Ill. 32, where our Supreme Court says: " If it (the mortgage) should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond."

Clearly, therefore, appellant held the naked legal title to this property in trust for the sole benefit of the bank which held the note. The bank, being the owner of the note, had all the beneficial interest in the mortgage. In Jennings v. Hunt, 6 App. 523, it is held that where the mortgagee assigns the debt, that a release of the mortgage by him is unauthorized, and the mortgagor cannot set up such release as a defense without first paying the debt, no rights of third parties having intervened. See, also, to the same effect, 20 Am. & Eng. Ency., 1072, 2nd edition, and cases there cited.

In Pardee v. Lindley, 31 Ill. 174, it is held that when a note is secured by a mortgage with the power of sale, a sale made by the mortgagee, he having assigned the note, is not valid, and that the power of sale, being coupled with the interest in the note, passes with the note to the assignee. In the case of Fountain v. Bookstaver, 141 Ill. 461, the assignee of a note secured by mortgage was sued in ejectment for the possession of the mortgaged premises by the grantees of the mortgagor and it was there held the mortgage was a complete defense to the action. In that case the court says: " It cannot be denied that if the legal title to the notes passed to said Mary E. Bookstaver, she thereby became the equitable assignee of the mortgage. The rule has been often announced by this and other courts, that the mortgage being a mere incident to the debt to secure which it is executed, whatever is sufficient to transfer the title to the debt, will also transfer the interest of the mortgagee, and the mortgagee having assigned the mortgage debt, thereafter holds the mortgage for the benefit of the assignee of the debt." Since the mortgagee, after he has assigned the debt, is a mere naked trustee of the legal title with no power to release and discharge the mortgage lien, or otherwise dispose of it, how can he be said, with any degree of propriety or consistency, to have the right of his own motion and for his own benefit to institute and maintain an action for the recovery of the property or for a violation of any right therein? We hold he has no such right.

It is of no consequence that the appellees had no title, or that the conversion was wrongful as against the rights of the beneficial owner of the mortgage, since the appellant must rely on the strength of his own title and not on the weakness of his adversary's title. Kreider v. Fanning, 74 Ill. App. 234; Rosenbaum v. Dawes, 77 Ill. App. 308; Union Stock Yards & Trust Co. v. Mallery & Zimmerman Co., 157 Ill. 560, 561; Newlin v. Prevo, 90 Ill. App. 527; Owens v. Weedman, 82 Ill. 417; Dawes v. Rosenbaum, 179 Ill. 122; Montgomery v. Rush, 121 Ill. 523; Am. & Eng. Ency. of Law, vol. 26, 1st ed., 744; Forth v. Pursley, 82 Ill. 154.

The rights of the parties must be determined as they existed at the time the suit was commenced. The payment of the note and repossessing himself of the note and mortgage after the commencement of the suit will not avail the appellant in this action. Hurd's R. S., ch. 79, sec. 52; Pettis v. Westlake, 3 Scam. 535. Appellant had neither the possession, the right thereto, nor the beneficial ownership of the mortgaged property at the time the suit was brought; consequently, he could not maintain the action.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*