## West Chicago Park Commissioners v. Fred Schillinger et al.

### Gen. No. 11,684.

1. ENGINEER'S ESTIMATE—*right to correct, by new estimate.* An estimate made by the engineer of a park board, if incorrect, may be rectified by a subsequent one.

2. ENGINEER'S ESTIMATE—*by whom, may be corrected.* An estimate incorrectly made by the engineer of a park board, may be rectified by a subsequent one made by another engineer of such board who has become the successor of the one making the original estimate.

3. ENGINEER'S ESTIMATE—*what does not justify rejection of claim for correction of.* The fact that contractors have not made repairs provided by contract to be made to the satisfaction of the park commissioners, does not justify their rejection of a claim for the correction of an apparent mistake in its engineer's estimate where there is no pleading or proof by such park board justifying a claim in the nature of a recoupment or set-off.

4. DECLARATION—*relation of caption to.* The caption to an additional count filed to a declaration is no part of the count proper.

5. GENERAL ISSUE—*effect of, to waive manner in which suit is brought.* The filing of a plea of the general issue waives any irregularity in the bringing of suit in the partnership name without naming the partners of such firm.

Action of assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding.  Heard in this court at the March term, 1904.  Affirmed.  Opinion filed January 5, 1905.

DELAVAN B. COLE, for appellant.

DANIEL McCASKILL, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from the Circuit Court of Cook county, by which it is sought to reverse a judgment rendered in favor of appellees against the West Chicago Park Commissioners, a municipal corporation in control of parks and boulevards in the town of West Chicago.  The judgment was for $304.35 and costs, and was entered upon the verdict of a jury.  It was rendered for work done under a contract made November 12, 1891, by the appellees with appellant to furnish certain material and perform certain labor, for the West Chicago Park Commissioners, about the construction of certain sidewalks under the control of said Park Board.  The contract provided that the appellees were to perform all of said work under the immediate direction and superintendence of the engineer of the West Chicago Park Commissioners, and to his entire satisfaction, approval and acceptance, and that all material used and all labor performed should be subject to his inspection, approval or rejection.  It also provided that the West Chicago Park Commissioners should pay to the said appellees, for the work done under the contract, fifteen cents per square foot of side-

West Chicago Park Commissioners v. Schillinger.

walk constructed, and that such payments were to be made upon estimates furnished to said commissioners by the engineer and approved at any regular meeting of said board, in sums not less than $1,000 in each estimate except as to the final estimate; fifteen per cent of each estimate to be deducted and withheld until the final completion and acceptance of said work by said Park Commissioners. In the specifications was a statement that the approximate quantity of sidewalk to be laid was 74,000 square feet.

Work was begun and carried on by appellees under the contract and formal estimates were made by the engineer, one O. F. Dubuis, then the official engineer of the Park Board, certifying the measurement of work done as follows: each estimate of such work done including the previous estimates and thus stating the entire amount estimated as completed to date: on June 14, 1892, 17,242 square feet; on July 18, 1892, 36,299 square feet; on August 12, 1892, 60,456 square feet; on September 13, 1892, 70,256 square feet. With each certificate of the work completed was an estimate signed by said engineer of the amount of money due appellees; in the first three the amount was calculated by multiplying the entire number of feet by fifteen (the contract price in cents per foot) and deducting from the product fifteen per cent reserved as per contract and all previous payments. The fourth estimate was supposed to be final, and the fifteen per cent theretofore reserved was not deducted. From the entire amount, $10,538.40, the contract price for 70,256 square feet, was deducted in that estimate only the payments made on previous estimates, $7,708.14. The certificate, therefore, was that $2,830.26 was due to date. To each of these estimates when introduced in evidence at the hearing of this cause below was attached a voucher approved by the committee on finance of the board, a counter signature by the auditor of the board, and a warrant or check on the treasurer thereof, which in each case showed by endorsement that it had been paid to the appellees. In the case of the fourth estimate the voucher read as follows:

"CHICAGO, Sept. 14, 1892.
West Chicago Park Commissioners,
        To Schillinger Brothers, Dr.
For balance due in full for contract for cement composition sidewalk laid on both sides of W. Madison St. and on both sides of W. Lake St. and on west side of Homan Ave. from Lake to Madison streets, all in and adjoining Garfield Park as per contract and as per estimate of engineer O. F. Dubuis hereto attached (Estimate No. 4 and final), $2,830.26.
Approved:
        H. L. THOMPSON,
        JOHN KRALOVEC,
                Committee on Finance, W. C. P. Com's.
The Secretary will issue warrant on Treasurer for $2,830.26.
                · C. K. G. BILLINGS,
                                Auditor."

Endorsed on back of voucher is the following:

"Warrant No. 271, Schillinger Bros. for composition sidewalk for Madison and Lake Sts., $2,830.26.
Audited Sept. 1892.
Charged to.......................
Received payment in full of the within account against the West Chicago Park Commissioners.
                SCHILLINGER BROS.,
                        192 & 194 N. Morgan St.,
                                Per S. CAMPBELL."

Some time after payment had been made upon this estimate, the appellees, apparently believing that a mistake had been made in the measurement of the total amount of sidewalk constructed, made a measurement for themselves and found a difference between such measurement and that of the engineer, Dubuis, of 2,052 feet—their measurement being the larger and making 72,308 square feet instead of 70,256, for which only they had been paid. Appellee G. A. Schillinger testified (and was not contradicted) that he spoke of this to Mr. Dubuis, the engineer, who had been the engineer of the board during the progress of the work, but finding then, or shortly afterward, and before anything further was done about the matter, that Dubuis was no longer in the employ of the park, he went to Mr. Mahoney, the general superintendent of the park, explained the mat-

ter, and showed him the figures which he claimed were correct. Mr. Mahoney took up the matter, and afterward requested Mr. Dorr, the engineer of the Park Board, who was then in office, to measure the work which the appellees had done under the contract. It appears from the evidence of Mr. Dorr himself, that at some time thereafter, which he thinks was in 1893, he made a measurement of the work done and found that it was 72,281.09 square feet, and so reported to Mr. Mahoney, the superintendent of the park, giving him a written report and duplicate, both directed to the West Park Commissioners. Dorr made another measurement at some subsequent time, verifying the first, while he was still the engineer of the park. This seems to have been some years later. After the present suit was brought he made still another, at appellant's request, and then made the measurement fifty-three feet more. He was not then, however, in office as engineer of the board. Between the time of the first report thus made by Mr. Dorr to the Park Board through the superintendent, up to the time of the beginning of this suit, running through several years, the appellees seem to have endeavored on several different occasions to secure the payment of the additional amount they claimed, which seems to have been substantially agreed to be for 2,029.09 feet at fifteen cents a foot, or $304.35. (There appears to be a slight error in the computation—too slight to require readjustment at our hands—arising from the statement of witness Schillinger, at the trial, that he had been paid for 70,252 feet, while the documentary evidence shows that it was for 70,256.)

One of the appellees went before the finance committee of the board several times and made requests for the additional payment. He testifies that he got no satisfaction thereby, but that the claim was referred to other committees. They gave, he says, no reasons for not paying the bill, but appellees never could collect it. He further testified that the work was done in accordance with the plans and specifications furnished, and was completed under the contract. In 1896 or 1897 it appears from the evidence,

however, that the claim of appellees was referred by the superintendent to Mr. Schrader, then and at the time of the trial engineer for the commissioners, and on July 13, 1897, Mr. Schrader reported as follows:

"CHICAGO, July 13th, 1897.
To THE WEST CHICAGO PARK COMMISSIONERS:

GENTLEMEN: In regard to the Schillinger Bros. Co. contract for concrete sidewalks laid in 1892 around Garfield Park, I beg to report that this work was examined by me during the year 1896, and repairs were ordered done. Schillinger Bros. Co. completed only a portion of these repairs, leaving much of the work in an unacceptable condition, and I therefore report adversely to any further payment on this contract at the present time.

Respectfully submitted,
A. C. SCHRADER, Engineer."

The board then voted that this report be approved and shortly afterward the present suit was begun.

On the trial of the cause below the court gave, among others, the following instruction:

"The jury are instructed that if they find from the evidence that after the issuance of estimate number four, which purported to be the final estimate for the plaintiff's work, the engineer of the defendants discovered by remeasurement that more work had been done than estimates had been issued for, and that said engineer made another and subsequent estimate and furnished it to the defendant, showing that a certain number of square feet had been constructed which had not been previously estimated for, and that the plaintiffs afterward duly demanded of the defendant payment for the amount of work shown to have been done by such subsequent estimate and that such payment has not been made, then the jury should find a verdict for the plaintiffs for the amount of work shown to have been done by such subsequent estimate at the rate stipulated in said contract."

To the giving of which instruction the appellant duly preserved an exception.

The court then refused to give the following instructions asked by the appellant:

(a) "The court instructs the jury as a matter of law, that by the terms of the contract introduced in evidence in this

case the plaintiffs were to furnish all material, skill, labor and appliances, and construct, lay and complete a composition sidewalk along certain streets therein mentioned for defendant, under the immediate direction and superintendence of the engineer of defendant and to his entire satisfaction, approval and acceptance, and that payments were to be made upon estimates furnished defendant by its engineer and approved by defendant from time to time as said work should progress in sums not less than one thousand dollars in each estimate, except as to the final estimate; fifteen per centum of each estimate being deducted and withheld until the final completion and acceptance of said work by defendant, when the balance due should be paid; and in order to entitle the plaintiffs to recover for any final balance due under said contract, or for any additional work done under the provisions of said contract, it is incumbent upon the plaintiffs to prove that such final estimate was made and issued by said engineer and approved by defendant, and that the same had been presented to the defendant and payment thereunder demanded."

(b) "The jury are further instructed as a matter of law that when a contract for the construction of an improvement provides that the work shall be done under the direction and superintendence of an engineer therein named to his entire satisfaction and subject to his inspection, approval or rejection, the price agreed upon to be paid upon estimates furnished by such engineer showing the amount of work done under such contract, then the estimate of such engineer made in compliance with the terms of such contract is conclusive on the right of the parties thereto, and neither party can impeach the estimate of such engineer except for fraud. And in this case, if the jury believe from the evidence that the plaintiffs made such a contract with the defendant as is set forth in the additional count of the plaintiff's declaration, and that the plaintiffs furnished the material and performed the work agreed upon in said contract, and received payment therefor from time to time upon all estimates of such work furnished to defendant by the engineer therein named, in accordance with the terms of said contract, then in order to enable the plaintiffs to recover for any final balance claimed to be due for work done or material furnished under said contract and not included in such estimates of said engineer, it is incumbent upon the plaintiffs to prove that an estimate for such work was issued by said engineer and approved by the defendant,

as provided in said contract, or that the defendant unreasonably refused to cause said work to be estimated by said engineer."

To the refusal to give these instructions and each of them, the appellant also preserved exceptions.

There are numerous assignments of error in this court, but those insisted on and argued are, that the trial court erred in admitting in evidence, over the defendant's objection, the contract offered as the basis of plaintiffs' claim, for the reason, as is alleged, that it was entered into by parties other than the parties to the suit; that it was error to admit any evidence to show that the fourth estimate of the engineer, Dubuis, who had charge of the work at the time of its completion, was inaccurate or mistaken; that it was error for the trial court not to have directed a verdict for appellant as prayed at the close of the plaintiffs' evidence, and again at the close of all the evidence, on the ground that plaintiffs failed to produce a certificate and estimate of the engineer, which was a condition precedent to their right to recover; and that it was error to give the instruction above set forth, as given, and error to refuse those instructions above set forth as refused. And, finally, that it was error to overrule appellant's motion for a new trial.

The appellees contend here, first, that there is no exception preserved in the record to the overruling of the motion for a new trial, and that consequently this court is powerless to pass on the question of the admission or sufficiency of the evidence, or the question of error in the giving and refusing of instructions. To this proposition we do not assent. The bill of exceptions might, it is true, have preserved the exception taken to the overruling of the motion for a new trial more artificially and clearly, but we agree with counsel for appellant that the exception, by the rules of grammatical construction, should be held to refer to the decision of the court upon the motion for a new trial. We feel at liberty, therefore, to look into all the questions raised by appellant, and have done so. But we find no error in

the action of the trial judge. He took the view of the matter involved that is expressed in the instruction above set forth as given by him, and under that instruction the jury found that the conditions laid down by it as justifying recovery by the appellees had been fulfilled. We think both the instruction and the finding were correct.

It is not necessary to decide whether or not the estimate of the engineer of the West Chicago Park Commissioners was, under the circumstances shown here, a condition precedent to the right to recover, for the evidence shows that such an estimate was procured by appellees and furnished to the commissioners through their proper officer. It would be a halting jurisprudence which would hold that a mere measurement of superficial surface could not be corrected by a subsequent estimate, when an error plainly appeared in one purporting to be final. The payment under the fourth estimate was no more final than any payment is final, where a receipt in full is given which is afterward found to have been so given in mistake. No particular form of estimate is required by the contract, and that the one which was given by Dorr, when he was engineer, is not in the form of the others, and not in the usual language and routine of the board's business, counts for nothing in this litigation. Nor does the fact that Dorr was not engineer when the work was done. He was so when the estimate was made, and that is sufficient. That no official action was taken by the commissioners on Dorr's report and estimate, cannot defeat appellees' claim. It was not their fault. They brought the estimate to the attention of the proper committee, but could get no action.

It is true that all material used and all labor performed was to be subject to the inspection and the approval or rejection of the engineer, and that engineer was, of necessity, to be the one in office at the time the walk was laid, and the material furnished; but there is not a suggestion in the evidence that any work was rejected or any fault found with it during its progress or at its completion, and neither the trial court nor this court can be properly asked to pre-

sume that what does not so appear was the fact, when on the face of things the discrepancy between estimates appears to be one of measurement only. If the appellant had any such defense, it should have been made to appear. The appellees produced testimony tending to prove that the work was done in strict accordance with contract and specifications.

The plain fact appears to be that the claim for the rectification of an apparent mistake in measurement, quite clearly proven, was rejected by the board after the appellees had fulfilled all necessary conditions to secure such rectification, because four years after the work was completed, repairs were not made in it by the appellees to the satisfaction of the engineer then in office. It is true that the specifications call for a bond from the contractors that they will maintain the walk in repair for five years, but there is neither pleading nor proof that justifies any claim in the nature of recoupment or set-off in this cause, and we do not understand that any such untenable claim is made.

If our view of the matter be correct, the instruction given was correct, and if that instruction was rightly given, those refused were properly refused. Everything in them not objectionable was covered by the one given.

We have examined the authorities which, counsel for appellant urges, justify his contention on the question above discussed, but we do not consider them in point in this case, for the reasons that we have pointed out.

The difference between the contracts and the facts in Canal Trustees v. Lynch, 5 Gilman, 521, and McAvoy v. Long, 13 Ill. 147, on the one hand, and in the case at bar on the other, are too obvious on an examination to need discussion.

In Wangler v. Swift, 90 N. Y. 38, the certificate which was rejected was expressly declared to be from one who had no means of acquiring the knowledge of the facts to be certified to. Certainly this was not the case here.

The objection made by appellant to the additional count of the declaration, filed by leave of court, is plainly unten-

able.   The caption is no part of the count proper, and the count itself expressly names the plaintiffs by their individual names.   And even if the suit had been brought in the firm name without naming the partners—which it was not —pleading the general issue to it by the appellant would have waived the objection that could otherwise have been made.   Robinson v. Magarity, 28 Ill. 423.   Moreover, the recovery here could have been on the common counts. Foster v. McKeown, 192 Ill. 339.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*