# Leslie P. Voorhees, Appellant, v. Hannah ,E. Mason, Executrix, et al., Appellees.

## Gen. No. 5,638.

1. APPEAL AND ERROR, § 1819*—*what is required of trial court on remand.* Where a case was reversed and remanded with specific directions to take an account between certain directors and a corporation and to charge each of such directors the full value of stock issued and income certificates and dividends received, and where the record showed such values, nothing was required in the trial court but to make a computation and enter a decree accordingly.

2. APPEAL AND ERROR, § 1788*—*what is effect of reversal of Appellate Court.* Where a judgment of the Appellate Court reversing

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

and remanding a cause and containing "specific" directions as to an accounting was reversed by the Supreme Court, but such Supreme Court viewed the directions of the Appellate Court as to the accounting as correct and proper, such question was finally determined, and it was immaterial that the directions of the Supreme Court were not specific.

3. CORPORATIONS, § 264*—*what acts of directors may be ratified.* Where a decision of the Appellate Court holding that "the acts of directors in illegally voting stock to themselves could not be ratified by a majority of the stockholders as against a dissenting stockholder or one who had no knowledge of such fraudulent action" was reversed, but the Supreme Court did not pass on that question, and nothing in its opinion denied the proposition, the Appellate Court was justified in adhering to such statement.

4. CORPORATIONS, § 283*—*what compensation may be allowed directors.* Where a case was reversed and remanded with directions for an accounting, the Supreme Court holding that certain directors of a corporation were not entitled to compensation for services shown in issuing void stock, such decision would not prevent such directors from setting up in an amended answer any services performed before the commencement of suit, outside of their duties as directors, other than those passed on by the Supreme Court, and have such services considered by way of counterclaim in the accounting.

5. SET-OFF AND RECOUPMENT, § 5*—*when counterclaim may be allowed.* In suits at law the rights of parties must be determined as they existed at the time suit was commenced, while in equity counterclaims arising after suit is brought are sometimes permitted where equitable reasons are shown, but in the absence of such reasons equity follows the law.

Appeal from the Circuit Court of Will county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed August 2, 1913.

GEORGE F. BORMAN, for appellant.

J. L. O'DONNELL, BENJ. OLIN and JOHN H. GARNSEY, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

Leslie P. Voorhees, appellant, filed a bill in equity

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

against the Joliet Tropical Plantation Company and T. A. Mason, J. O. Barrett, George B. Carey, J. F. Skeel, J. J. Allison and C. E. Antram, six of the seven directors of said corporation, in behalf of himself and such other stockholders as might choose to join therein to require said directors to account to the corporation for the full value of certain of its stock and income certificates, which by their own vote, it was alleged, they had wrongfully issued to themselves individually on payment to the corporation of one-half the value thereof and for dividends they had drawn thereon, and also to account for certain commissions they were charged with wrongfully taking on sales made by them of other stock and certificates of the corporation.

The case was heard in the trial court on issues joined and proofs. The taking of the stock, certificates and commissions by the defendant directors was admitted, but it was sought to justify the same by allegations and proof of services performed by them, outside of their duties as officers of the corporation, at least equal in value to such corporate property received by them; and also, to estop the complainant from asserting the claim of the bill on the ground that such action of the defendant directors was not fraudulent, had been asserted to and ratified by the stockholders of the corporation, and that the complainant was guilty of laches in filing the bill. The chancellor entered a decree dismissing the bill for want of equity.

The complainant appealed to this court where the case was reversed and remanded with specific directions to take an account between said directors and the corporation and to charge each of said directors the full value of said stock and income certificates, and dividends thereon received by him. The record showed such values, therefore there was nothing required in the trial court but to make a computation and enter a decree accordingly. The complainant was held not entitled to an accounting regarding said item of commission, and the decree directed in effect required the

defendant directors to account to the complainant for his pro rata share of the amount found due, instead of accounting to the corporation for the full amount, this court then proceeding on the theory that under the authority of *Brown v. DeYoung,* 167 Ill. 549, no other stockholder having joined with the complainant in demanding relief, equity only required that the defendants should reimburse him, what he had indirectly lost as a stockholder of the corporation. Our opinion is reported under the title of *Voorhees v. Mason,* 148 Ill. App. 647.

Complainant Voorhees removed the case to the Supreme Court on writ of error where it was heard and its opinion reported under the same title in 245 Ill. 256. That court held we did not err in requiring the directors to account for the full value of said stock and income certificates and dividends received on the same; but did err in refusing an accounting as to said commissions, which it held should be treated as received by said defendants without authority, but that their services in that regard were outside of their duties as directors and they should on an accounting be allowed to retain of the moneys so received as commissions such an amount as the proofs might show their services in said sales of stock and income certificates were reasonably worth, but should not be allowed more than the amount they had received and retained on account of said commissions. That court also held that we erred in only requiring the defendant directors to pay to the complainant his pro rata share as stockholder, found to be due the corporation by said directors, and said the decree should provide that they be required to account to the corporation and to pay over to the corporation the amount which they owe the corporation, and that the rule announced in *Chicago Macaroni Mfg. Co. v. Boggiano,* 202 Ill. 312, should be applied rather than the rule announced in *Brown v. DeYoung, supra.* The decree of the Circuit Court and the judgment of the Appellate Court was reversed and

the cause remanded to the Circuit Court for further proceedings in accordance with the views expressed in the opinion.

The case was reinstated in the Circuit Court and the defendant, Truman A. Mason, having died pending the litigation his executrix, Hannah E. Mason, was substituted in his stead and it became the duty of the chancellor to proceed in accordance with the views expressed in the opinion of the Supreme Court. As the pleadings then stood nothing remained to be done but to make a computation of the amount of said stock and income certificates which the defendant directors had issued to themselves at fifty cents on the dollar and charge them with the full value thereof, i. e., the half unpaid, and of the amount of dividends they had received thereon and charge them on the same basis. The record already showed both by pleadings and proof the amount of these items. Then there was required an accounting as to what their services were reasonably worth in the matter of said commissions, and that being ascertained to charge them with what they had received on that account, if anything, more than said services were reasonably worth, but if such services were reasonably worth more than the amount . they had received on that account to disregard that item and charge them with the amount shown by the computation to have been received on the stock, income certificate and dividend account.

It is true as claimed by appellees that the direction of the Supreme Court was not what is termed "specific" and the directors of the Appellate Court was specific, and the judgment of the Appellate Court was reversed and its directions set aside and not to be considered except in so far as incorporated in the views of the Supreme Court, but the Supreme Court viewed the direction of this court to account for the full value of the stock and income certificates and dividends thereon as correct and proper and therefore that question was and is finally determined, not because it was

a direction of this court but because it is a view of the Supreme Court.

Also there could arise no further question that the liability of the defendant directors is based on a breach of trust that neither a majority of the directors nor of the stockholders could ratify or condone. On no other ground could complainant be permitted to maintain this action. Cook on Corporations (6th Ed.) vol. 2, secs. 646, 647. In our former opinion, a question of ratification by the stockholders was considered and we said: ''The acts of the directors in illegally voting stock to themselves could not be ratified by a majority of the stockholders as against a dissenting stockholder or one who had no knowledge of such fraudulent action.'' [148 Ill. App. 655.] The Supreme Court did not expressly pass on that question but nothing in its opinion in any way denies that proposition, and we are therefore justified in adhering to that statement.

After the case was reinstated in the Circuit Court there was another annual meeting of the stockholders of said corporation, at which a quorum was present, without counting any stock ever issued to said defendant directors, and at which the stockholders representing such quorum passed a resolution, by a vote of five hundred and forty against seventeen shares of stock, reciting the action of the defendant directors in purchasing said stock and income certificates and receiving commissions in question, and that the consideration therefor was services performed and to be performed by them as individuals, and that their action in that respect had been confirmed at a stockholders' meeting in September, 1905, before this suit was brought; that said directors had performed as individuals, outside of their duty as directors, such services of great value to the corporation since, as well as before, the beginning of the suit and had been compensated therefor only by the purchase of said stock and certificates and in receiving said commissions;

therefore that said stockholders waived and released the right of said corporation, and the right of themselves individually, to a further accounting for said stock and income certificates and commissions and ratified and confirmed all acts of said directors in the premises.

The defendant directors filed a cross-bill setting out this resolution of the stockholders, averring that the complainant Voorhees was present in person at said meeting; that said corporation is solvent and the matters in said resolution concern only the stockholders; that the defendant directors as individuals, and outside of their duties as directors, had performed valuable services for the corporation since the beginning of the suit; that such services had been rendered the corporation by said directors with the understanding and agreement that said directors should be and were compensated in that, and in no other way, and that in case of an accounting said directors ought to be allowed the value of said services as a counterclaim or set-off; and said cross-bill prays in the alternative that said original bill be dismissed, or if an accounting be required then that the value of said services may be allowed as a counterclaim and for other relief.

The corporation answered admitting the allegations of the cross-bill and disclaiming any right to an accounting. Appellant Voorhees filed a demurrer alleging as causes of demurrer that the cross-bill seeks to relitigate what has been finally adjudicated and settled by the judgments of the Appellate and Supreme Courts in said original suit; that it does not state a case entitling any of them to relief in a court of equity, and that the matters and things alleged are not germane to the matters set forth in the amended bill. The court overruled the demurrer, and, appellant Voorhees electing to stand by his demurrer, entered a decree dismissing the original bill, from which appellant prayed this appeal, assigning as errors the overruling of the demurrer, the dismissing of the original bill and not

entering a decree for an accounting in accordance with the opinion of the Supreme Court.

We are of the opinion that the action of the stockholders, after the cause was remanded, in attempting to release the claim of the corporation as set up in the cross-bill was of no force or effect, for the reason before stated, and also for the further reason that as to the alleged action of the stockholders' meeting before the suit was brought it was set up and considered in the trial on the original bill and by this court held of no effect, and while the Supreme Court did not specifically mention the matter in its opinion, if it had not concurred with this court in its views of that transaction it must necessarily have reached a different conclusion from that announced by it. Therefore the trial court erred in dismissing the original bill. Whether the demurrer should have been overruled and the cross-bill retained for the purpose of enabling defendants to avail themselves of any legal counterclaims they might have against the corporation, is the remaining question. The matter of the taking of this stock and income certificates by the defendant directors and their reasons for taking it, and the services and assistance rendered and to be rendered by them in consideration of taking it, was before the court on the trial on the original bill, and the Supreme Court in considering the case speaking of that transaction said: "They had no valid claim against the corporation for services rendered to the corporation which they could enforce against the corporation or against its stockholders." [245 Ill. 262.] Therefore the cross-bill was bad in so far as it again set up any of those services or other services of the same kind and character. While the Supreme Court held that the allowance of commissions to the directors was void and of no effect it further held that they were entitled to compensation for services rendered in that regard and directed an inquiry as to such compensation; and while it did not find any reason for allowing compensation for services shown

in the matter of the void issue of the stock and income certificates we see nothing in the views expressed by that court to prevent appellees from setting up in an amended answer any services performed by them for the corporation, before the commencement of this suit, outside of their duties as directors, other than those already presented to and passed on by the Supreme Court and those of a kind and character that would therefore fall under the same rule, and have such services considered by way of counterclaim in the accounting.

It is urged by appellant that the defendant directors can only present counterclaims arising on services performed since the suit was brought by way of cross-bill, that they cannot on an accounting avail themselves of such claims by amending their answer, and therefore that the cross-bill was good on general demurrer because it set up services performed since the suit was commenced for which the defendants were entitled to compensation. The services alleged in the cross-bill seem, at least for the most part, of the same kind and character as those performed before the suit was brought, and compensation denied by the Supreme Court. This of itself may be a sufficient answer to the contention that the cross-bill should be retained for the purpose of presenting by way of counterclaim services performed since the suit was brought. Aside from this, however, parties to a suit in equity are not permitted as matter of course to delay the termination of the suit by presenting from time to time during its progress claims against the complainant acquired after the beginning of the suit. In this case for instance, if it were true that the defendants were month by month performing services for the corporation for which they were entitled to compensation, they could not delay the termination of this suit by repeatedly filing cross-bills presenting counterclaims for such services. In suits at law the rights of the parties must be determined as they existed at the time the suit was commenced.

*Pettis v. Westlake,* 4 Ill. (3 Scam.) 535; *Brass v. Green,* 113 Ill. App. 58. In suits in equity counterclaims arising after suit is brought are sometimes permitted where equitable reasons are shown, such as the insolvency of the complainant, but in the absence of such reasons equity follows the law. *Smith v. Billings,* 170 Ill. 543. In this case it is expressly averred in the cross-bill that the corporation is solvent, and if the defendants have any valid counterclaims arising since the beginning of this suit we see no injustice in requiring them to make such claims the subject of an independent action.

The case is reversed and remanded with directions to the Circuit Court to sustain the demurrer to the cross-bill and proceed in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*