Commercial Credit Trust, Appellee, v. W. O. Land, Appellant.

Gen. No. 8,184.

Heard in this court at the October term, 1927. Opinion filed May 2, 1928.

CLIFFORD N. COOLIDGE, ADLAI H. RUST and HOMER ENGLISH, for appellant.

LIVINGSTON & MURPHY, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee sued appellant in replevin in the county court of McLean county to recover the possession of one Overland DeLuxe sedan automobile, the right to the possession of which was alleged to be in appellee. The declaration alleged that appellant unlawfully withheld the possession of said machine from appellee. There was a count in replevin and one in trover. Appellee is a common-law trust, and the declaration did not originally set out the names of the trustees. Later, by leave of court, the declaration was amended and the trustees were made parties plaintiff.

Appellant filed four pleas: First, the general issue, *non cepit;* second, *nul tiel* corporation, the Commercial Credit Trust; third, property in the defendant, and fourth, *non detinet.* The first, second and fourth pleas conclude to the country. Appellee filed a replication to the third plea, denying defendant's right of property and averring ownership in the plaintiff, which concluded to the country, and issues were made upon all the pleas. There was a trial by jury and appellee submitted in proof a negotiable promissory note for the principal sum of $986.31, dated January 5, 1926, signed by one F. C. Larey and payable to the order of the Kelley Motor Company in 16 instalments, the first to be paid on March 1, 1926, said note being indorsed, without recourse upon the Kelley Motor Company, to appellee. There was also submitted in proof a chattel

mortgage, under the same date, in proper form, executed by said Larey and running to said Kelley Motor Company, to secure said note, describing the said automobile, to secure the possession of which this suit was brought. The mortgage had been properly recorded in the recorder's office of McLean county on January 18, 1926, and bore upon its face the assignment of the Kelley Motor Company to appellee.

Appellee further submitted proofs that it was the owner and holder of the note and mortgage and the amount due thereon, and that in May, 1926, the machine was found in the possession of appellant and a demand made for its return. Default had been made in the payment of the note. There was no further testimony introduced by appellee and appellant offered none. Each party asked for an instructed verdict. The court instructed the jury to find a verdict for appellee and there was a verdict and judgment for appellee and appellant has appealed.

The principal and substantially the only question in the case is whether appellee made out a prima facie case. Does the giving of a negotiable note and chattel mortgage upon personal property raise a presumption that the mortgagor is in the possession of or the owner of such property? There is no substantive testimony, other than the giving of the mortgage, tending to show that F. C. Larey, the mortgagor, ever had the possession or was in any way interested in said automobile. It is contended by appellant that the plaintiff in replevin can only recover upon the strength of his own title, and if such title is denied that the burden is upon him to show a general or special property in the goods, citing *Pease v. Ditto,* 189 Ill. 456; *Constantine v. Foster,* 57 Ill. 36. This states the law correctly and it is held in 11 C. J. 725: ''The burden is on the mortgagee to establish the facts entitling him to the relief sought.'' It is to be noted that the

pleadings do not set out the chattel mortgage and no issue was raised in the pleadings as to the validity of the mortgage or as to appellee's rights under it. If the chattel mortgage had been pleaded, and appellant had made no issue as to its validity, force or effect, then the instruments could have been introduced in evidence without further proof, and the rule followed in *Woodward v. Donovan,* 167 Ill. App. 503, 507, and kindred cases would have applied to this case. On the trial of the cause appellant was first apprised of the chattel mortgage, under the record, by the offer to introduce the instrument in evidence. Appellant offered proper objections. No proof was offered tending to show that the mortgagor had ever been the owner or in the possession of the property. Appellees rely upon some language used by the court in *John Hancock Mut. Life Ins. Co. v. Watson,* 200 Ill. App. 318, wherein the court says: "The assumption most favorable to appellant is that Gertrude Gordon owned that part of the crop which she mortgaged to appellant." This statement was made in the case where all of the rights of the parties were before the court and cannot be followed as a precedent in this case. Other cases are cited by appellee, but we do not deem that they are precedents on the specific question raised. It is held in 11 C. J. 726: "To make a prima facie case against a claimant the mortgagee must show possession or title of the mortgagor at the date of the mortgage," citing *McCommons v. English,* 100 Ga. 653, 28 S. E. 386, where it is held:

"The evidence showed that the mortgagor was in possession of the property claimed at the time of the levy, but there was no evidence whatever that the mortgagor either owned it or was in possession of it when the mortgage was executed. This court has frequently decided that, 'to make a prima facie case against the claimant in favor of the plaintiff in mort-

gage fi. fa., it is not sufficient to prove possession of the mortgaged property by the mortgagor at the time of the levy, but either possession or title in the mortgagor at the date of the mortgage must be shown.' *Morris v. Winkles,* 88 Ga. 717, 15 S. E. 747, and cases there cited. It follows that the verdict finding the property subject was unsupported by the evidence, and therefore contrary to law.''

However, in *Allcock v. Loy,* 100 Ill. App. 573, 575, in an identically similar case, the court held:

''Appellant's evidence made a *prima facie* case, and did not disclose that appellee was in any manner such an interested third person as the statute provides for, and as appellee offered no evidence, the court could not assume that he had such interest. Mere naked possession is not such an interest, and if appellee had other interest than mere possession, the burden was upon him to prove it. Appellant should not have been required to prove that appellee had not such interest.''

Neither party cited any case determinate of this question. While in replevin, plaintiff must recover on the strength of his own title, on reason and authority we conclude that the rule laid down in *Allcock v. Loy, supra,* is the more acceptable doctrine. As a rule of evidence it is more in consonance with various statutory provisions, Cahill's St. ch. 98, ¶ 79, and relieves the plaintiff from the anomalous burden of proving a negative. If the defendant has title to the property in the case at bar, it would be much more simple for the defendant to establish such title than for the plaintiff to establish his lack of title. In any event, we prefer to follow the rule laid down by a court of equal jurisdiction in this State than to adhere to a merely arbitrary holding of a court of a sister State. While the pleas of *non cepit* and *non detinet* admit title and right in appellee, there remained appellant's plea of

title in the defendant, which plea did raise squarely the issue as to appellee's special interest in the property and right to possession. (*Reynolds v. McCormick,* 62 Ill. 412; *Constantine v. Foster,* 57 Ill. 36.) The submission of the note and mortgage in evidence did establish, prima facie, appellee's special interest and right to possession.

Appellant's second plea of *nul tiel* corporation raises no issue in the case. The declaration does not allege a corporation. The matter should have been reached by motion or a verified plea. (*Estate of Godair v. Case,* 220 Ill. App. 348.) The plea of general issue waives any irregularity in the name or names of the parties bringing suit. (*West Chicago Park Com'rs v. Schillinger,* 117 Ill. App. 525.)

Appellant insists that the assignment of mortgage was not properly a part of the record of the mortgage and was not properly proven. In this we concur, but the assignment of the note by the payee operates, *ipso facto,* as an assignment of the mortgage which secures the note. (*Brass v. Green,* 113 Ill. App. 58.)

Appellant strenuously insists that the court had no jurisdiction to try the case, for the reason that in the description of the automobile set out in the chattel mortgage there are figures indicating: "List Price —1075" and "Cash Selling Price—1190," and it is insisted that these figures are some evidence of value. The mortgage was executed on January 5, 1926. The affidavit of replevin was assigned and sworn to on June 4, 1926, and alleges that the automobile was of the value of $800. It is held that the value stated in plaintiff's affidavit of replevin is presumably the real value, until in subsequent proceedings the estimate is shown to be erroneous. (*Peterson v. Fowler,* 76 Mich. 258, 261; *Bradley v. Morse,* 21 Wis. 680, 681; *Darling v. Conklin,* 42 Wis. 478, 481, and *Carew v. Matthews,* 41 Mich. 576, 579.)

It is further held that the value of the property, upon which the question of the court's jurisdiction depends, is the value as of the time of filing suit. (*Title Guaranty & Surety Co. v. Hofmann,* 170 Ill. App. 8.) There is no testimony in the record as to values which would tend to oust the county court of its jurisdiction to try the cause.

Finding no error in the record the judgment of the county court of McLean county is affirmed.

*Affirmed.*